**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 0:21-cv-60456

**GREGORY HAROLD POPE**, and
**MICHELE BERNADETTE POPE**,

      Plaintiffs,

v.

**KAYE BENDER REMBAUM, P.L.**,

      Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

    Plaintiffs Gregory Harold Pope and Plaintiffs Michele Bernadette Pope ("Plaintiffs") sues

Defendant Kaye Bender Rembaum, P.L., ("Defendant") for violating the Fair Debt Collection

Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA")

**JURISDICTION AND VENUE**

    1.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and

28 U.S.C. § 1337.

    2.    Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to

28 U.S.C. § 1367.

    3.    Venue in this District is proper because Plaintiffs resides here, Defendant transacts

business here, and the complained conduct of Defendant occurred here.

**PARTIES**

    4.    Plaintiffs is a natural person, and a citizen of the State of Florida, residing in

Broward County, Florida.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5.     Defendant is Florida corporation, with its principal place of business located in Pompano Beach, Florida.

6.     Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7.     At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

8.     At all times material, the Creditor was the creditor of the debts Defendant sought to collect from Plaintiff.

## DEMAND FOR JURY TRIAL

9.     Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

10.    On a date better known by Defendant, Sabal Ridge Apartment Association, Inc. (the "Creditor") referred the collection of a debt (the Consumer Debt") to Defendant for collection.

11.    On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

12.    The Consumer Debt is an obligation allegedly had by Plaintiffs to pay money arising from a transaction between the creditor of the Consumer Debt, the Creditor, and Plaintiffs for the maintenance and upkeep of Plaintiff's residence (the "Subject Service").

13.    The Subject Service was primarily for personal, family, or household purposes.

14.    Plaintiffs is the alleged debtor of the Consumer Debt.

15.    Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

16.    Defendant is a business entity engaged in the business of collecting consumer debts.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

17.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18.     Defendant is required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

19.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

20.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

21.     Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

22.     Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

23.     On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

24.     During Defendant's initial communication with Plaintiffs in connection with the collection of the Consumer Debt, Defendant did not adequately disclose to Plaintiffs the information, statements, and/or disclosures required by 15 U.S.C. § 1692g(a)(3)-(5).

25.     Defendant failed to adequately provide and/or communicate to Plaintiffs the information, statements, and/or disclosures required by 15 U.S.C. § 1692g(a)(3)-(5).

26.     On a date better known by Defendant, Defendant sent a letter, internally dated March 09, 2020, to Plaintiffs (the "Collection Letter") in an attempt to collect the Consumer Debt.

27.     Attached as Exhibit "A" is a copy of the Collection Letter.

28.     The Collection Letter is a communication from Defendant to Plaintiffs in connection with the collection of a debt.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

29.     The Collection Letter is a communication from Defendant to Plaintiffs in connection with the collection of the Consumer Debt.

30.     Defendant engaged in activity constituting any action to collect a debt by sending the Collection Letter to Plaintiff.

31.     In the Collection Letter, Defendant represents the amount of the Consumer Debt as being $47,627.69.

32.     Defendant falsely represents the amount of the Consumer Debt, by and through the Collection Letter, as the $47,627.69 that Defendant demands from Plaintiffs in the Collection Letter is comprised of principal, interest, costs, fines, and fees (including attorneys' fees), that are not explicitly permitted by the agreement underlying the Consumer Debt or otherwise explicitly permitted by statute. Put differently, the $47,627.69 demanded in the Collection Letter exceeds the amount that Defendant and/or the Creditor could lawfully, by way of statute or contract, attempt to collect or collect from Plaintiff.

33.     Defendant knew that the $47,627.69 demanded in the Collection Letter exceeded the amount that Defendant could lawfully attempt to collect, or otherwise collect, from Plaintiff.

34.     Defendant knew that, by attempting to collect amounts from Plaintiffs in excess of what Defendant could lawfully collect, Defendant was asserting a legal right which both Defendant and the Creditor knew did not exist.

35.     Defendant's representation of the Consumer Debt in the Collection Letter ($47,627.69)

36.     The Collection Letter was required to comply with, *among other things*, the disclosure requirements of § 1692e(11) of the FDCPA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

37.    Defendant is required to state in the Collection Letter, at minimum, that it (the Collection Letter) is a communication from a debt collector.

38.    Defendant does not state in the Collection Letter that it (the Collection Letter) is a communication from a debt collector.

39.    Defendant violated § 1692e(11) of the FDCPA by failing to state in the Collection Letter that, among other things, the Collection Letter was a communication from a debt collector.

40.    The Collection Letter caused Plaintiffs to believe that, regardless of Plaintiff's prior disputes and regardless of the illegality of Defendant's conduct, would continue to increase the amount it (Defendant) demanded from Plaintiffs and, as result, Plaintiffs was ultimately coerced into paying $18,462.42 to Defendant, of which Plaintiffs paid under protest, to stem Defendant's unlawful conduct.

41.    As a result of the Collection Letter, Defendant collected from Plaintiffs amounts that were not expressly authorized by the agreement creating the Consumer Debt or otherwise explicitly permitted by statute. In particular, the $18,462.42 that Defendant collected from Plaintiffs is comprised of **[1]** attorneys' fees that Defendant was not legally, whether by contract or statute, recover from Plaintiff; **[2]** unlawful interest, fees, and other charges; and **[3]** amounts which had otherwise already been paid by Plaintiff.

42.    Plaintiffs suffered actual damages as a result of the Collection Letter, as the Collection Letter coerced Plaintiffs into paying, under protest, $18,462.42 to Defendant, of which is comprised of amounts that neither Defendant nor the Creditor could lawfully collect, or otherwise attempt to collect, from Plaintiff.

43.    In addition to causing Plaintiffs actual harm, the Collection Letter wasted Plaintiff's time. Plaintiffs would not have wasted time reading the Collection Letter, Plaintiffs would not

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

have wasted time trying to understand why Plaintiffs was the target of wrongful and otherwise unlawful collection activity, and Plaintiffs would not have wasted time deliberating what to do about the Collection Letter.

44.     Notwithstanding the time which the Collection Letter caused Plaintiffs to waste, Defendant, by and through the Collection Letter, inflicted frustration, pain, confusion, and distrust, as well as emotional turmoil, onto Plaintiff. All of the aforementioned injuries suffered by Plaintiffs constitute a concrete harm.

<u>**ARTICLE III STANDING**</u>

45.     "Under settled precedent, the 'irreducible constitutional minimum' of standing consists of three elements: the Plaintiffs must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it. The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation." <u>Trichell v. Midland Credit Mgmt.</u>, 964 F.3d 990, *7 (11th Cir. 2020) (*citing* and *quoting* <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560-61 (1992)). Simplified, Article III standing has three leading components: (1) *injury in fact*; (2) *causation*; and (3) *redressability*.

46.     "The 'foremost' standing requirement is **injury in fact**." <u>Trichell</u> at *8 (emphasis added) (*quoting* <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 103 (1998)).

47.     "An injury in fact consists of '**an invasion of a legally protected interest**' that is both '**concrete** and **particularized**' and '**actual** or **imminent**, not conjectural or hypothetical.'" <u>Trichell</u> at *8 (emphasis added) (*quoting* <u>Lujan</u>, 504 U.S. 555 at 560). Simplified, *injury in fact* has four components: an (1) actual or imminent, and not conjectural or hypothetical, (2) invasion of a legally protected interest (3) that is concrete and (4) particularized. *See* <u>Spokeo</u>, 136 S. Ct.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

1540 at 1548 ("To establish injury in fact, a Plaintiffs must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" (*quoting* Lujan, 504 U. S. 555 at 560)); *see also* Cooper v. Atl. Credit & Fin., No. 19-12177, 2020 U.S. App. LEXIS 23719, at *8 (11th Cir. July 28, 2020) ("To establish standing, a Plaintiffs must instead '**show that the violation harmed** … **the underlying concrete interest that Congress sought to protect**.'" (emphasis added) (*quoting* Casillas v. Madison Ave. Assocs., 926 F.3d 329, 333 (7th Cir. 2019)).

48.     "To be **particularized**, the injury 'must affect the Plaintiffs in a personal and individual way.' [*quoting* Lujan, 504 U. S. 555 at 560 n.1]. In other words, 'the injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.' [*quoting* Sierra Club v. Morton, 405 U.S. 727, 734-35 (1972)]. The same principle holds true when the Plaintiffs invokes a statutory cause of action: 'where a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a **concrete**, **particularized**, and **personal injury** to that person as a result of the violation of the newly created legal rights.'" Trichell at *17 (emphasis added) (*quoting* Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1251 (11th Cir. 2015)).

49.     "A '**concrete**' injury must be '*de facto*' – that is, it must be '**real**, and not abstract.'" Trichell at *8 (emphasis added) (*quoting* Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016)). "As a general matter, **tangible injuries qualify as concrete**." Trichell at *8 (*quoting* Spokeo, 136 S. Ct. 1540 at 1549). Allegations of either having "**made any payments** in response to" a challenged collection letter "or even … **wasted time** *or* **money** in determining whether to do so" are tangible and otherwise concrete injuries. Trichell at *8 (emphasis added).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## SCOPE OF TRICHELL

50.     In Trichell, the Eleventh Circuit pointedly grappled the *injury in fact* component of Article III standing – and in particular – whether the *intangible* injuries alleged by the plaintiffs were capable of satiating the overarching *injury in fact* requirement. The Trichell court observed the injuries alleged by the plaintiffs as *intangible* because, although claiming to have **received** *misleading* and *unfair* collection letters that violated their rights under 15 U.S.C. § 1692e (generally prohibiting *misleading* communications in connection with the collection of a consumer debt) and § 1692f (generally prohibiting *unfair* communications in connection with the collection of a consumer debt), **neither Plaintiffs alleged to have been misled or otherwise unfairly mislead by their respective collection letter**.

51.     Without allegations indicating that the plaintiffs themselves were misled, and because the *specific* section of the FDCPA advanced by the plaintiffs only prohibited *misleading* communications, any ability to satiate Article III standing by the plaintiffs quickly crumbled. Put differently, because the plaintiffs' claim was that the underlying collection letters were misleading and/or otherwise unfair, **in light of the fact that neither Plaintiffs alleged to have been misled themselves**: [1] there was no palpable *actual* injury, but instead, merely the risk of an *imminent* injury, of which the court found insufficiently imminent, *and* [2] there was no sufficiently concrete *or* particularized injury because the plaintiffs did not allege more than an injury to a cognizable interest (*i.e.*, the plaintiffs *only* alleged the collection letters could unlawfully mislead the least sophisticated consumer, and *not* that the plaintiffs themselves were unlawfully mislead).

52.     Simply put, Trichell confirms that, to the extent a Plaintiffs is seeking to enforce an invasion of a statutorily created interest (*e.g.*, § 1692e of the FDCPA which *generally* prohibits misleading communications in connection with the collection of a debt from a debt collectors), a

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiffs cannot manifest the necessary *injury in fact* unless the Plaintiffs alleges a **concrete**, **particularized**, and **personal injury** caused by the violation of said statutorily created right.

53.     With respect to Plaintiffs and the immediate action, <u>Trichell</u> affords *some* utility to the analysis of whether Plaintiffs has sustained and alleged the necessary *injury in fact*. In large, however, <u>Trichell</u> is of limited application, as the focus of <u>Trichell</u> was the sufficiency of the *intangible* injury alleged by the plaintiffs.

54.     Here, unlike the plaintiffs of <u>Trichell</u>, Plaintiffs has sustained *tangible injuries*, *see, e.g.*, <u>Supra</u> ¶¶ 39-43, the likes of which are objectively concrete. *See* <u>Trichell</u> at *8 (exemplifying allegations of either having "made any payments in response to" a challenged collection letter "or even … wasted time or money in determining whether to do so" as tangible and otherwise concrete injuries for purposes of Article III standing).

55.     Further, as alleged below, because Defendant's violation of the FDCPA and FCCPA caused *tangible* injury to Plaintiff, by way of demanding unlawful amounts from Plaintiffs and demanding collecting unlawful amounts from Plaintiff, it is without question that Plaintiff's *actual* injuries are sufficiently *particularized*.

56.     Thus, Plaintiffs has sufficiently established the *injury in fact* component of Article III standing, leaving only *causation* and *redressability* – the likes of which are equally satisfied, as a decision in Plaintiff's favor will afford Plaintiffs both the *actual* and *statutory* damages sought herein and, *but for* the Collection Letter, Plaintiffs *would not* have sustained the complained of concrete injuries.

## COUNT 1
## <u>VIOLATION OF 15 U.S.C. § 1692e(11)</u>

57.     Plaintiffs incorporates by reference paragraphs 1 through 56 of this Complaint.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

58.     The Collection Letter is a communication from Defendant to Plaintiffs in an attempt to collect the Consumer Debt. *See* Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1269 (11th Cir. 2016) (holding that a letter sent from a debt collector to a debtor's attorney, rather than directly to the debtor, qualified as a communication with a consumer so as to trigger the protection of, among other things, §§ 1692e, 1692f, and 1692g, of the FDCPA).

59.     Section 1692e(11) of the FDCPA requires, at minimum, that Defendant disclose in the Collection Letter that it (the Collection Letter) is a communication from a debt collector. Edwards v. Niagara Credit Sols., Inc., 584 F.3d 1350, 1353 (11th Cir. 2009) ("Section 1692e(11) requires a debt collector 'to disclose in subsequent communications that the communication is from a debt collector.'" Edwards v. Niagara Credit Sols., Inc., 584 F.3d 1350, 1353 (11th Cir. 2009) (*quoting* 15 U.S.C. § 1692e(11)).

60.     Setting aside whether the Collection Letter was Defendant's initial communication with Plaintiff, nowhere in the Collection Letter does Defendant state that it (Defendant) is a debt collector, nor does the Collection Letter state that it (the Collection Letter) is a communication from a debt collector.

61.     Accordingly, Defendant violated § 1692e(11) of the FDCPA in two twos – first, by failing to state that it (Defendant) was a debt collector in the Collection Letter and, second, by failing to state in the Collection Letter that it (the Collection Letter) was a communication from a debt collector.

62.     WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages; **[2]** statutory damages; **[3]** costs; and **[4]** reasonable attorneys' fees.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 2
## VIOLATION OF 15 U.S.C. §§ 1692e and 1692g(a)(3)-(5)

63.     Plaintiffs incorporates by reference paragraphs 1 through 56 of this Complaint.

64.     The Collection Letter is a communication from Defendant to Plaintiffs in an attempt to collect the Consumer Debt. *See* Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1269 (11th Cir. 2016) (holding that a letter sent from a debt collector to a debtor's attorney, rather than directly to the debtor, qualified as a communication with a consumer so as to trigger the protection of, among other things, §§ 1692e, 1692f, and 1692g, of the FDCPA).

65.     At no point in time did Defendant adequately disclose or otherwise provide to Plaintiff, whether orally or in writing the information, statements, and/or disclosures required by 15 U.S.C. § 1692g(a)(3)-(5). As such, sending the Collection Letter to Plaintiffs without having provided Plaintiffs with the statements, and/or disclosures required by, and in conformance with, § 1692g(a)(3)-(5) of the FDCPA, Defendant violated § 1692e and § 1692g(a) of the FDCPA.

66.     WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages; **[2]** statutory damages; **[3]** costs; *and* **[4]** reasonable attorneys' fees.

## COUNT 3
## VIOLATION OF 15 U.S.C. § 1692f(1)

67.     Plaintiffs incorporates by reference paragraphs 1 through 56 of this Complaint.

68.     Defendant sent Plaintiffs the Collection Letter in an attempt to collect the Consumer Debt. As part of the Collection Letter, Defendant demanded that Plaintiffs pay exceedingly unlawful amounts, and if Plaintiffs failed to do so, the amounts demanded by Defendant would only increase. As a result of the Collection Letter, Defendant collected from Plaintiffs $18,462.42,

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of which included amounts that are not expressly authorized by the agreement underlying the Consumer Debt or otherwise permitted by law.

69.     As such, by and through collecting amounts from Plaintiffs which were not explicitly authorized by the agreement underlying the Consumer Debt or explicitly authorized by statute, Defendant violation the § 1692f(1) of the FDCPA.

70.     WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages; **[2]** statutory damages; **[3]** costs; *and* **[4]** reasonable attorneys' fees.

### COUNT 4
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

71.     Plaintiffs incorporates by reference paragraphs 1 through 56 of this Complaint.

72.     Defendant, by and through the Collection Letter, violated § 1692e(2)(A) of the FDCPA because the Collection Letter falsely represents the character of the Consumer Debt, as well as falsely represents the amount of the Consumer Debt.

73.     The Collection Letter falsely represents the amount of the Consumer Debt because the $47,627.69 that Defendant demands from Plaintiffs in the Collection Letter is comprised of principal, interest, costs, fines, and fees (including attorneys' fees), that are not explicitly permitted by the agreement underlying the Consumer Debt or otherwise explicitly permitted by statute. Put differently, the $47,627.69 demanded in the Collection Letter exceeds the amount that Defendant and/or the Creditor could lawfully, by way of statute or contract, attempt to collect or collect from Plaintiff.

74.     As such, by and through the Collection Letter, Defendant violated § 1692e(2)(A) by falsely representing the amount of the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

75.     WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages; **[2]** statutory damages; **[3]** costs; *and* **[4]** reasonable attorneys' fees.

**COUNT 5**
**VIOLATION OF FLA. STAT. § 559.72(9)**

76.     Plaintiffs incorporates by reference paragraphs 1 through 56 of this Complaint.

77.     The Collection Letter falsely asserts that Defendant and/or the Creditor are entitled to recover, among other things, $47,627.69 from Plaintiffs. As stated above, neither Defendant-DC nor the Creditor could lawfully collect, or attempt to collect, amounts from Plaintiff in excess of what Defendants may legally demand from Plaintiffs under the explicit terms of the agreement underlying the Consumer Debt and/or under any explicitly statutory provision.

78.     Here, by and through the Collection Letter, Defendant asserted a right which it *knew* did not exist, *namely*, the right to demand payment from Plaintiffs for amounts which neither Defendant nor the Creditor could lawfully collect, by way of an explicit contractual or statutory provision, from Plaintiffs. Thus, by and through the Collection Letter, Defendant violated § 559.72(9) of the FCCPA.

79.     WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendants awarding Plaintiff: [1] actual damages; [2] statutory damages; [3] an injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiffs that violate the FCCPA; **[4]** costs; *and* **[5]** reasonable attorneys' fees.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: February 26, 2021

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com