UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:21-cv-60456-WPD

GREGORY HAROLD POPE, and
MICHELLE BERNADETTE POPE,

    Plaintiffs,

v.

KAYE BENDER REMBAUM, P.L.,

    Defendant.
_____/

## KAYE BENDER REMBAUM P.L.'S REVISED MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**COMES NOW** the Defendant, KAYE BENDER REMBAUM, P.L. (hereinafter "KBR"), by and through its undersigned counsel, and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby files this Revised Motion to Dismiss Plaintiffs' Complaint[1], and in support thereof states:

### I.    FACTUAL BACKGROUD

1. This lawsuit pertains to claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et seq.* (2020) (hereinafter "FCCPA").

---

[1] Defendant files this revised Motion to correct statement of facts in Paragraph 30 herein to reflect that Exhibit "C" herein was additionally communicated to Plaintiffs' counsel via fascimile.

2. Plaintiffs are owners of Unit #1-2 of the SABAL RIDGE APARTMENT ASSOCIATION, INC. (hereinafter "the Association").

3. The Association is the governing body for the Sabal Ridge Apartment Condominium, a condominium formed under Florida Statutes Chapter 718 *et seq.*

4. Said Association is governed by the Bylaws and Declaration of Condominium recorded in the Public Records of Palm Beach County, Florida.

5. Defendant is a law firm retained by the Association for attorney services on a variety of community related matters, including the collection of regular and special maintenance assessments from delinquent Unit owners.

6. On November 15, 2019, Defendant delivered to Plaintiffs an initial demand letter requesting payment for past due regular and special maintenance assessments, along with statutorily authorized and accrued interest, costs, and attorneys fees. A complete copy of the November 15th letter is attached hereto and incorporated herein as Exhibit "A".

7. The November 15, 2019 correspondence identified herein as Exhibit "A" included both a written explanation of the amounts sought, as well a ledger itemizing the list of installments, detail of payments already received, their application to the Plaintiffs' account under Florida Law, and the resulting balance due.

8. Importantly, Exhibit "A" also includes the full FDCPA disclosures required to be in a first communication with a debtor. In Exhibit "A", Plaintiffs are advised of the Federal Law permitting them to seek validity of the debt in writing within thirty days of their receipt of the letter, that the Defendant is a debt collector, and that the Defendant will timely respond

to any written request for information seeking the name of the original creditor, current debt owner, or suspend any collection activity until delivery of a response with the foregoing.

9. Thereafter, on December 13, 2020, Plaintiffs, through counsel, served Defendant with a written demand for verification of the amounts sought above. A true and correct copy of the December 13th correspondence from Plaintiffs is attached hereto and incorporated herein as Exhibit "B".

10. In response to the foregoing, on March 9, 2020 Defendant delivered to Plaintiffs' counsel an email communication which attached and incorporated a letter of explanation and other documents that included ledgers and official records of the Association, verifying the balance sought by Defendant in Exhibit "A". A complete copy of the Defendant's March 9, 2019 communication is attached hereto and incorporated herein as "Composite Exhibit "C".

11. The parties, through counsel, exchanged email correspondence and ultimately agreed to a settlement of collection on the account for both the claimed regular and special maintenance assessments.

12. Pursuant to said settlement, Plaintiffs through their counsel, delivered payment to Defendant on February 3, 2021 in the sum of $18,709.50. Copies of the settlement check and cover letter are attached hereto as Composite Exhibit "D".

## II. **SUMMARY OF THE ARGUMENTS**

13. This Court should dismiss the FDCPA and FCCPA claims against the Defendant with prejudice because Plaintiffs have not and will not be able to state a claim for which relief can be granted under any set of facts, for the foregoing reasons:

- Plaintiffs have failed to state a claim for relief under the FDCPA in **Counts I and II.** First, the Plaintiffs fail to invoke the Article III subject matter jurisdiction of this Honorable Court, as they do not allege any direct harm or injury as a result of the alleged missing technical disclosure language on an attorney-to-attorney letter that followed numerous email communications between the same counsel. Additionally, the document Plaintiffs attached as Exhibit "A" to the Complaint is demonstrably incomplete. By comparison, Defendant has provided a complete version of the subject communication as Composite Exhibit "C" herein (March 9, 2020 letter), with all referenced documents, as well as the email by which the communication to Plaintiffs was sent. Importantly, Defendant clearly states on the email:

    > **This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.** (Emphasis added).

    Because the total Exhibit to Plaintiff's Complaint unequivocally demonstrates that Plaintiffs' counsel and Plaintiffs were provided with the disclosure required by 15 U.S.C. § 1692g(a)(3) - (5) and § 1692e(11), Plaintiffs' exhibits conflict with the allegations in their Complaint. In such event, the exhibits control. Thus, Plaintiffs have failed to state a cause of action under both Counts I and II of the Complaint for both jurisdictional and basic factual reasons.

- Plaintiffs have failed to state a claim for relief under both the FDCPA and FCCPA in **Counts III, IV, and V.** Defendant's collection of the underlying debt was at all times authorized by both Florida Law and the controlling Declaration of

Condominium. In the event of an unpaid maintenance assessment, Florida Law unequivocally provides condominiums the authority to charge late fees and interest, and to apply any payment received to accrued interest, costs, and attorneys fees BEFORE credit to any underlying principal installment. This procedure is to be followed *regardless* of any restrictive endorsement placed on a unit owner's payment. In addition, Article XXVIII of the governing Declaration of Condominium clearly and specifically authorizes the charge of interest on late installments, as well as the filing of a Claim of Lien and collection of reasonable attorneys fees and costs incurred therefrom. Thus, Plaintiffs have failed to state a cause of action under both the FDCPA (Counts III & IV) and the FCCPA (Count V). As such, Plaintiffs' claims must be dismissed.

### III.    **LEGAL STANDARDS GOVERNING MOTIONS TO DISMISS**

14. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The pleading standard "does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim

for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679.

15. Rule 12(b)(6) FRCP states dismissal of a Complaint is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hirshon v. King & Spotting, 467 U.S. 69, 73 (1984); *See also*, Hazel v. School Board of Dade County, 7 F.Supp.2d 1349, 1352 (S.D. Fla. 1998)(holding that a motion to dismiss will be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief"); Mallo v. Public Health Trust of Dade County, 88 F.Supp. 1376 (S.D. Fla. 2000). A motion to dismiss for failure to state a claim tests the sufficiency of the complaint. Hazel, 7 F.Supp.2d at 1349.

16. Importantly, a complaint must allege facts properly setting forth the essential elements of a cause of action. Hazel at 1352. Dismissal of a complaint is appropriate on the basis of a dispositive issue of law or when there is no necessity to construe factual allegations contained within the complaint. Marshall Cty Bd. Of Ed. v. Marshall Cty. Gas Dist., 992 F.2d 1171 (11th Cir. 1993). If the defendant demonstrates beyond doubt that the plaintiff can prove no set of fact to support his claim, then a motion to dismiss should be granted. Mallo, 88 F.Supp. at 1376.

17. In addition, documents attached to the complaint may be considered as part of the pleadings in ruling on a motion to dismiss. Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1189, 1205 (11th Cir. 2007). *Other documents may also be considered if they are central to or referenced in the complaint, or judicially noticed.* LaGrasta v. First Union Sec. Inc., 358 F.3d 840, 845 (11th Cir. 2004)(citing Fed. R. Civ. P. 10(c)). (Emphasis added).

## IV. **ARGUMENTS**

1. ***COUNTS I AND II FAIL TO STATE A CAUSE OF ACTION BECAUSE THE PLAINTIFFS DO NOT PLEAD COGNIZABLE INJURY AS A RESULT OF AN ALLEGED TECHNICAL VIOLATION, AND THE DISCLOSURE WAS DELIVERED AS PART OF THE COMMUNICATION.***

   **A.     Plaintiffs have failed to properly invoke Article III subject matter jurisdiction of this Honorable Court.**

18. The gravamen of Plaintiffs' claims in Counts I and II of the Complaint is that the March 9, 2020 attorney-to-attorney communication failed to include the "magic words" of disclosure required pursuant to § 1692e(11).

19. In Paragraph 60 of the Complaint, Plaintiffs state: "nowhere in the [March 9, 2020] collection letter does Defendant state that it (Defendant) is a debt collector, nor does the Collection Letter state that it (the Collection Letter) is communication for a debt collector."

20. In Hagy v. Deer & Adams, 882 F.3d 616 (6th Circuit 2018), the Sixth Circuit was faced with a similar situation as the case at bar.[2] That is, the attorney delivering a letter on behalf of a creditor failed to include the "magic words" disclosure required pursuant to the FDCPA. As in the case at bar, Hagy alleged the mere technical failure to include the statutory disclosure language automatically provided a claim for damages.

---

[2] The Hagy Court considered the 11th Circuit's holdings in Bishop v. Ross Earle & Bonan, P.A., 817 F.3rd 1268 (11th Circ. 2016).

21. The Sixth Circuit reasoned that creation by Congress of a right to "automatic" statutory damages did not trump the "irreducible constitutional minimum that requires [Plaintiffs] to show: (1) particular and concrete injury; (2) caused by [Defendant]; and (3) redressable by the courts." Id. at 720.

22. Thus, as the Hagy Court reasoned, "we have yet to take a position" on the lack of disclosure language in the attorney letter as "Article III of the Constitution does not authorize federal courts to decide theoretical questions." Id.

23. In the case at bar, Plaintiff has failed to allege any actual harm as it relates to the alleged failure to include the statutory disclosure language in the March 6, 2020 attorney-to-attorney communication, rendering Counts I and II theoretical in nature.

24. In fact, the only allegations as to harm are found in Paragraphs 42 and 43 of the Complaint. The harm alleged in these paragraphs is solely targeted to the dispute over the legitimacy of the account charges and the negotiated settlement payment delivered thereon. These allegations do not state that the alleged failure to include the technical disclosure on the March 6, 2020 letter to Plaintiff counsel contributed to such harm.

25. Because there is an absence in the Complaint of any claim of direct harm as a result of the alleged failure to include the statutory disclosure language, Plaintiffs have failed to establish an essential element of standing to bring Counts I and II.

26. Because the Plaintiffs have failed to establish standing, this Honorable Court must dismiss Counts I and II due to a lack of adequate Article III subject matter jurisdiction.

    **B.    Assuming *arguendo* the Plaintiffs have plead adequate harm, taken as a whole, the subject communication includes the mandatory disclosure**

**language required by the FDCPA.**

27. Pursuant to LaGrasta cited above, while reviewing a Motion to Dismiss, this Honorable Court is entitled to see the full and complete copy of the March 9th communication correspondence and all other papers to which the communication was attached and delivered to counsel for the Plaintiffs, including the email to which the March 9th communication was attached. Said complete documents are central to the Plaintiffs' claim, and are indisputably referenced therein.

28. Exhibit "C" attached hereto is a copy of the Defendant's complete communication correspondence constituting the written verification of the amounts sought in the initial collection letter sent in this matter.[3]

29. While the actual March 9, 2019 attorney-to-attorney letter does not include the "magic" FDCPA words of disclosure, said letter was an attachment to and part of the overall communication exchanged between the Parties, the first page of which unquestionably contained the "magic words".

30. In fact, said letter was delivered to Plaintiffs' counsel through email communication (and facsimile). Said email did not just include the letter, but also, the transmittal communication.

31. The attached Exhibit "C" includes a *full* correct copy of the email communication sent to the Defendant *in pari materia* with the verification letter. The face of the transmittal page clearly contain the required disclosure:

**This communication from a debt collector is an attempt to**

---

[3] Other than their sole reference to an "initial communication" in Paragraph 24, Plaintiffs do not use said letter in Counts I through VI as an independent basis for liability in this case.

*Gregory & Michelle Pope v. Kaye Bender Rembaum, P.L.*
*Case No.: 0:21-cv-60456-WPD*
*Page 10 of 14*

    **collect a debt and any information obtained will be used for that purpose.** (Emphasis added).

32. Thus, from the face of the Complaint, this Honorable Court can determine that Plaintiffs' allegation of failure to disclose under the FDCPA is obviously factually incorrect.

33. As such, Defendant has demonstrated from the face of the Complaint and its exhibits beyond any doubt that Counts I and II are factually and legally flawed, and should be dismissed with prejudice.[4]

### 2. *COUNTS III, IV, & V FAIL TO STATE A CAUSE OF ACTION BECAUSE DEFENDANT ENGAGED IN COLLECTION OF AMOUNTS CLEARLY AUTHORIZED BY CONTRACT AND STATUTE*

34. Defendant's full communication, including the letter of March 9, 2020 (Composite Exhibit "C") is a proper verification of all contested debits and credits on the account, and includes Association records supporting both the regular and special maintenance assessment installments charged thereon.

35. Without specificity, Plaintiffs allege in Counts III, IV, and V that despite the March 9, 2019 letter of verification, the amount sought is somehow "unlawful", "not authorized by the Agreement underlying the Consumer Debt" (¶ 68), "falsely represents the character of the Consumer Debt" (¶ 72), "not explicitly permitted by the agreement underlying the Consumer Debt" (¶ 73), and that Defendant "asserted a right which it knew did not exist" (¶ 78).

36. Florida's Condominium Act, Chapter 718, provides primary authorization for the charges

---

[4] 15 U.S.C. § 1692e(11) requires "magic words" of debt collection disclosures in subsequent "**communications**". (Emphasis added).

sought against, and paid for, by the Plaintiffs. Pursuant to Fla. Stat. § 718.116 (3) (2019).

> Assessments and installments on assessments which are not paid when due bear *interest* at the rate provided in the declaration, from the due date until paid. The rate may not exceed the rate allowed by law, and if no rate is provided in the declaration, interest accrues at the rate of 18 percent per year. . . . Any payment received by an association must be applied first to any interest accrued by the association, then to any administrative late fee, then to any costs and reasonable attorneys fees incurred in collection, and then to the delinquent assessment. The foregoing is applicable notwithstanding any purported accord and satisfaction, or any restrictive endorsement, designation, or instruction placed on or accompanying a payment. The preceding sentence is intended to clarify existing law. (Emphasis added).

37. In accord with Chapter 718, Florida Statutes (2020), the Declaration of Condominium at Article XXVII governing the subject property and Parties, recorded in the Public Records of Palm Beach County provides, in relevant parts:

> G. The payment of any assessment or installment thereof due to ASSOCIATION shall be in default if such assessment, or any installment thereof, is not paid unto ASSOCIATION, on or before the due date for such payment. When in default, the delinquent installment there due to ASSOCIATION shall bear *interest* at the rate of 8% per annum until such delinquent assessment or installment thereof, and all interest due thereon, has been paid in full to ASSOCIATION. (Emphasis added).
>
> H. The owner or owners of each DWELLING shall be personally liable, jointly and severally, as the case may be, to ASSOCIATION for the payment of all assessments, regular and special, which may be levied by ASSOCIATION while such parties are owner or owners of a DWELLING in the CONDOMINIUM. In the event that any owner or are in default in payment of any assessment or installment thereof owed to ASSOCIATION, such owner or owners of any

    DWELLING shall be personally liable, jointly and severally, for interest on such delinquent assessment or installment thereof and interest thereon, including a reasonable attorney's fee, whether suit be brought or not.

 K. The lien granted unto ASSOCIATION . . . shall include only assessments which are due and payable when the claim of lien is recorded, plus *interest*, costs, attorney's fees, advances to pay taxes . . . all as provided. (Emphasis added).

38. The foregoing excerpts from both the publicly recorded Declaration and Chapter 718, Florida Statutes, substantiate the legal authority for the Defendant law firm to advance collection of the regular and special maintenance assessments and any interest thereon collected by agreement of the Parties in this case. They are referenced in multiple paragraphs of the Complaint, are central to the Plaintiffs' claims, and, as publicly recorded documents, are subject to judicial notice by this Honorable Court. A copy of Article XVII of the governing Declaration is attached hereto and incorporated herein as Exhibit "E".

39. In fact, the account detail included in the March 9, 2019 communication from Defendant demanded amounts of interest, costs, and attorneys fees directly contemplated by multiple sections of the Declaration. Argument to the contrary is bogus.

40. Because the Plaintiffs are not challenging the actual amounts of the monies collected, there is no debate as to the "reasonableness" of the attorneys fees or costs charged, nor the specific calculation of interest according the Declaration.

41. Additionally, despite their agreement to the settlement amounts, Plaintiffs' alleged "payment under protest" of the settlement amount of $18,709.54 is of no import. As cited herein, Chapter 718, Florida Statutes (2020), specifically rejects the notion of payment of duly owed

amounts to an Association with a restrictive endorsement or similar words of limitation.

42. Plaintiffs' delivery of this negotiated sum to Defendant, regardless of the meaningless words "payment under protest" stated in the cover letter (and not on the actual check), acted as full settlement of disputes between the Plaintiff and Association, and did not otherwise confer liability upon the Defendant law firm.

43. Plaintiffs' Complaint therefore does not present any facts actionable under the FDCPA or FCCPA against the Defendant for any collection conduct "not authorized by law" and Counts III, IV and V must be dismissed accordingly.

## V. CONCLUSION

44. This Honorable Court should dismiss the FDCPA and FCCPA claims against the Defendant with prejudice. The Defendant has demonstrated both appropriate disclosure compliance, asserted debts secured with lawful authority and facts derived directly from the Complaint and exhibits attached thereto. These facts cannot be disputed and leave the Court with no doubt that the Plaintiffs are unable to prove their claim.

**WHEREFORE**, Defendant Kaye Bender Rembaum P.L. respectfully requests this Honorable Court enter an Order granting this Revised Motion to Dismiss with prejudice, awarding attorney's fees and costs, and for any additional relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of March, 2021, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF, which will send notice of electronic filing to all counsel of record. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the service list below in the manner specified, either via transmission of notice of electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of filing.

BY: _____
STUART M. SMITH, ESQ.
Florida Bar No: 9717
Email: ssmith@kbrlegal.com
GERARD S. COLLINS
Florida Bar No: 738050
Email: gcollins@kbrlegal.com
1200 Park Central Boulevard South
Pompano Beach, Florida 33064
(954) 928-0680 - Phone
(954) 772-0319 - Fax