**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No.  0:21-cv-60456-WPD

**GREGORY HAROLD POPE**, and
**MICHELE BERNADETTE POPE**,

      Plaintiffs,

v.

**KAYE BENDER REMBAUM, P.L.**,

      Defendant.

_____/

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
INJUNCTIVE RELIEF SOUGHT**

Plaintiffs Gregory Harold Pope and Plaintiffs Michele Bernadette Pope ("Plaintiffs") sues

Defendant Kaye Bender Rembaum, P.L., ("Defendant") for violating the Fair Debt Collection

Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA")

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and

28 U.S.C. § 1337.

2.      Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to

28 U.S.C. § 1367.

3.      Venue in this District is proper because Plaintiffs resides here, Defendant transacts

business here, and the complained conduct of Defendant occurred here.

**PARTIES**

4.      Plaintiffs is a natural person, and a citizen of the State of Florida, residing in

Broward County, Florida.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5.      Defendant is Florida corporation, with its principal place of business located in Pompano Beach, Florida.

6.      Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7.      At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

8.      At all times material, the below defined Creditor was the creditor of the debts Defendant sought to collect from Plaintiffs.

## DEMAND FOR JURY TRIAL

9.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

10.     On a date better known by Defendant, Sabal Ridge Apartment Association, Inc. (the "Creditor") referred the collection of a debt (the Consumer Debt") to Defendant for collection.

11.     On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

12.     The Consumer Debt is an obligation allegedly had by Plaintiffs to pay money arising from a transaction between the creditor of the Consumer Debt, the Creditor, and Plaintiffs for the maintenance and upkeep of Plaintiff's residence (the "Subject Service").

13.     The Subject Service was primarily for personal, family, or household purposes.

14.     Plaintiffs are the alleged debtor of the Consumer Debt.

15.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

16.     Defendant is a business entity engaged in the business of collecting consumer debts.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

17.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18.     Defendant is required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

19.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

20.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

21.     Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

22.     Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

23.     On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

24.     On a date better known by Defendant, Defendant sent a letter, internally dated March 09, 2020, to Plaintiffs (the "Collection Letter") in an attempt to collect the Consumer Debt.

25.     Attached as Exhibit "A" is a copy of the Collection Letter.

26.     Pursuant to the contents of the Collection Letter, the Collection Letter communicated to Plaintiffs *via* Fax.

27.     The Collection Letter is a communication from Defendant to Plaintiffs in connection with the collection of a debt.

28.     The Collection Letter is a communication from Defendant to Plaintiffs in connection with the collection of the Consumer Debt.

29.     Defendant engaged in activity constituting any action to collect a debt by sending the Collection Letter to Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

30.     Defendant engaged in activity constituting any action to collect a debt by faxing the Collection Letter to Plaintiff.

31.     In the Collection Letter, Defendant represents the amount of the Consumer Debt as being $47,627.69.

32.     Defendant falsely represents the amount of the Consumer Debt, by and through the Collection Letter, as the $47,627.69 that Defendant demands from Plaintiffs in the Collection Letter is comprised of principal, interest, costs, fines, and fees (including attorneys' fees), that are not explicitly permitted by the agreement underlying the Consumer Debt or otherwise explicitly permitted by statute. Put differently, the $47,627.69 demanded in the Collection Letter exceeds the amount that Defendant and/or the Creditor could lawfully, by way of statute or contract, attempt to collect or collect from Plaintiff.

33.     Defendant knew that the $47,627.69 demanded in the Collection Letter exceeded the amount that Defendant could lawfully attempt to collect, or otherwise collect, from Plaintiff.

34.     Defendant knew that, by attempting to collect amounts from Plaintiffs in excess of what Defendant could lawfully collect, Defendant was asserting a legal right which both Defendant and the Creditor knew did not exist.

35.     Defendant's representation of the Consumer Debt in the Collection Letter ($47,627.69)

36.     The Collection Letter was required to comply with, *among other things*, the disclosure requirements of § 1692e(11) of the FDCPA.

37.     Defendant is required to state in the Collection Letter, at minimum, that it (the Collection Letter) is a communication from a debt collector.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

38.     Defendant does not state in the Collection Letter that it (the Collection Letter) is a communication from a debt collector.

39.     Defendant does not state in the Collection Letter that it (the Collection Letter) is an attempt to collect a debt.

40.     Defendant does not state in the Collection Letter that any information obtained will be used for debt collection purposes.

41.     Defendant violated § 1692e(11) of the FDCPA by failing to state in the Collection Letter that, among other things, the Collection Letter was a communication from a debt collector.

42.     The Collection Letter caused Plaintiffs to *fear* and otherwise *believe* that, regardless of Plaintiff's prior disputes and regardless of the unlawful nature of Defendant's conduct, Defendant would continue to increase the amount it (Defendant) demanded from Plaintiffs and, as result, Plaintiffs was ultimately coerced into paying $18,462.42 to Defendant, of which Plaintiffs paid under protest, to stem Defendant's unlawful conduct.

43.     As a result of the Collection Letter, Defendant collected from Plaintiffs amounts that were not expressly authorized by the agreement creating the Consumer Debt or otherwise explicitly permitted by statute. In particular, the $18,462.42 that Defendant collected from Plaintiffs is comprised of **[1]** attorneys' fees that Defendant was not legally, whether by contract or statute, recover from Plaintiff; **[2]** unlawful interest, fees, and other charges; and **[3]** amounts which had otherwise already been paid by Plaintiff.

44.     Plaintiffs suffered actual damages as a result of the Collection Letter, as the Collection Letter coerced Plaintiffs into paying, under protest, $18,462.42 to Defendant, of which is comprised of amounts that neither Defendant nor the Creditor could lawfully collect, or otherwise attempt to collect, from Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

45.     In addition to causing Plaintiffs actual harm, the Collection Letter wasted Plaintiff's time. Plaintiffs would not have wasted time reading the Collection Letter, Plaintiffs would not have wasted time trying to understand why Plaintiffs was the target of wrongful and otherwise unlawful collection activity, and Plaintiffs would not have wasted time deliberating what to do about the Collection Letter.

46.     Notwithstanding the time which the Collection Letter caused Plaintiffs to waste, Defendant, by and through the Collection Letter, inflicted frustration, pain, confusion, and distrust, as well as emotional turmoil, onto Plaintiff. All of the aforementioned injuries suffered by Plaintiffs constitute a concrete harm.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692e(11)

47.     Plaintiffs incorporates by reference paragraphs 10 through 46 of this First Amended Complaint.

48.     The Collection Letter is a communication from Defendant to Plaintiffs in an attempt to collect the Consumer Debt. *See* Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1269 (11th Cir. 2016) (holding that a letter sent from a debt collector to a debtor's attorney, rather than directly to the debtor, qualified as a communication with a consumer so as to trigger the protection of, among other things, §§ 1692e, 1692f, and 1692g, of the FDCPA).

49.     Section 1692e(11) of the FDCPA requires, at minimum, that Defendant disclose in the Collection Letter that it (the Collection Letter) is a communication from a debt collector. Edwards v. Niagara Credit Sols., Inc., 584 F.3d 1350, 1353 (11th Cir. 2009) ("Section 1692e(11) requires a debt collector 'to disclose in subsequent communications that the communication is from a debt collector.'" Edwards v. Niagara Credit Sols., Inc., 584 F.3d 1350, 1353 (11th Cir. 2009) (*quoting* 15 U.S.C. § 1692e(11)).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

50.     Section 1692e(11) of the FDCPA commands that, in each and every communication *in connection with* the collection of the Consumer Debt, Defendant must disclose it (Defendant) is a debt collector. Here, the Collection Letter does Defendant state that it (Defendant) is a debt collector, nor does the Collection Letter state that it (the Collection Letter) is a communication from a debt collector.

51.     Defendant violated § 1692e(11) of the FDCPA by failing to state in the Collection Letter that it (Defendant) was a debt collector.

52.     Defendant violated § 1692e(11) of the FDCPA by failing to state in the Collection Letter that it (the Collection Letter) was a communication from a debt collector.

53.     Defendant violated § 1692e(11) of the FDCPA by failing to state in the Collection Letter that any information obtained from Plaintiffs would be used for debt collection purposes.

54.     WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: [1] actual damages as provided by 15 U.S.C. § 1692k(a)(1); [2] statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A); [3] costs as provided by 15 U.S.C. § 1692k(a)(3); and [4] reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a)(3).

### COUNT 2
### <u>VIOLATION OF 15 U.S.C. § 1692f(1)</u>

55.     Plaintiffs incorporates by reference paragraphs 10 through 46 of this First Amended Complaint.

56.     Defendant sent Plaintiffs the Collection Letter in an attempt to collect the Consumer Debt. As part of the Collection Letter, Defendant demanded that Plaintiffs pay exceedingly unlawful amounts, and if Plaintiffs failed to do so, the amounts demanded by Defendant would only increase. As a result of the Collection Letter, Defendant collected from Plaintiffs $18,462.42,

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of which included amounts that are not expressly authorized by the agreement underlying the Consumer Debt or otherwise permitted by law.

57.     As such, by and through collecting amounts from Plaintiffs which were not explicitly authorized by the agreement underlying the Consumer Debt or explicitly authorized by statute, Defendant violation the § 1692f(1) of the FDCPA.

58.     WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages as provided by 15 U.S.C. § 1692k(a)(1); **[2]** statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A); **[3]** costs as provided by 15 U.S.C. § 1692k(a)(3); *and* **[4]** reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a)(3).

## COUNT 3
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

59.     Plaintiffs incorporates by reference paragraphs 10 through 46 of this First Amended Complaint.

60.     Defendant, by and through the Collection Letter, violated § 1692e(2)(A) of the FDCPA because the Collection Letter falsely represents the character of the Consumer Debt, as well as falsely represents the amount of the Consumer Debt.

61.     The Collection Letter falsely represents the amount of the Consumer Debt because the $47,627.69 that Defendant demands from Plaintiffs in the Collection Letter is comprised of principal, interest, costs, fines, and fees (including attorneys' fees), that are not explicitly permitted by the agreement underlying the Consumer Debt or otherwise explicitly permitted by statute. Put differently, the $47,627.69 demanded in the Collection Letter exceeds the amount that Defendant and/or the Creditor could lawfully, by way of statute or contract, attempt to collect or collect from Plaintiff.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

62.     As such, by and through the Collection Letter, Defendant violated § 1692e(2)(A) by falsely representing the amount of the Consumer Debt.

63.     WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: [1] actual damages as provided by 15 U.S.C. § 1692k(a)(1); [2] statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A); [3] costs as provided by 15 U.S.C. § 1692k(a)(3); and [4] reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a)(3).

### COUNT 4
### VIOLATION OF FLA. STAT. § 559.72(9)

64.     Plaintiffs incorporates by reference paragraphs 10 through 46 of this First Amended Complaint.

65.     The Collection Letter falsely asserts that Defendant and/or the Creditor are entitled to recover, among other things, $47,627.69 from Plaintiffs. As stated above, neither Defendant-DC nor the Creditor could lawfully collect, or attempt to collect, amounts from Plaintiffs in excess of what Defendants may legally demand from Plaintiffs under the explicit terms of the agreement underlying the Consumer Debt and/or under any explicitly statutory provision.

66.     Here, by and through the Collection Letter, Defendant asserted a right which it *knew* did not exist, *namely*, the right to demand payment from Plaintiffs for amounts which neither Defendant nor the Creditor could lawfully collect, by way of an explicit contractual or statutory provision, from Plaintiffs. Thus, by and through the Collection Letter, Defendant violated § 559.72(9) of the FCCPA.

67.     WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendants awarding Plaintiff: [1] actual damages as provided by Fla. Stat. § 559.77(2); [2] statutory damages as provided by Fla. Stat. § 559.77(2); [3] an injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiffs that violate the FCCPA; **[4]**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

costs as provided by Fla. Stat. § 559.77(2); *and* **[5]** reasonable attorneys' fees as provided by Fla. Stat. § 559.77(2).

DATED: April 7, 2021

Respectfully Submitted,

/s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 7, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com