## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 0:21-cv-60456-WPD

**GREGORY HAROLD POPE**, and
**MICHELE BERNADETTE POPE**,

      Plaintiffs,

v.

**KAYE BENDER REMBAUM, P.L.**,

      Defendant.

_____/

### SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
### INJUNCTIVE RELIEF SOUGHT

Plaintiffs Gregory Harold Pope and Plaintiffs Michele Bernadette Pope ("Plaintiffs") sues Defendant Kaye Bender Rembaum, P.L., ("Defendant") for violating the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA")

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.     Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. § 1367.

3.     Venue in this District is proper because Plaintiffs resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

### PARTIES

4.     Plaintiffs are natural persons, and citizens of the State of Florida, residing in Broward County, Florida.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5.      Defendant is Florida corporation, with its principal place of business located in Pompano Beach, Florida.

6.      Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7.      At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

8.      At all times material, Sabal Ridge Apartment Association, Inc., was the creditor of the debts Defendant sought to collect from Plaintiff.

## DEMAND FOR JURY TRIAL

9.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

10.     On a date better known by Defendant, Sabal Ridge Apartment Association, Inc., referred the collection of a debt (the Consumer Debt") to Defendant for collection.

11.     On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

12.     The Consumer Debt is an obligation allegedly had by Plaintiffs to pay money arising from a transaction between the creditor of the Consumer Debt, Sabal Ridge Apartment Association, Inc. (the "Creditor"), and Plaintiffs for the maintenance, upkeep, and other perpetual services, of Plaintiffs' residence, located at 750 South Ocean Blvd., #1-S, Boca Raton, Florida 33432 ("Plaintiffs' Residence"), located within Sabal Ridge community (collectively, the "Subject Service").

13.     The Subject Service was primarily for personal, family, or household purposes.

14.     Plaintiffs are the alleged debtor of the Consumer Debt.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

16.     Defendant is a business entity engaged in the business of collecting consumer debts.

17.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18.     Defendant is required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

19.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

20.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

21.     Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

22.     Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

23.     At all times material, each of the various amounts that Defendant sought to collect from Plaintiffs were not owed by Plaintiffs and/or were already paid by Plaintiffs at the time Defendant attempted to collect said amounts.

<u>**DEFENDANT'S DEBT COLLECTION EFFORTS**</u>

24.     On a date better known by Defendant, Defendant sent Plaintiffs a letter, internally dated November 15, 2019, in an attempt to collect the Consumer Debt. Attached as Exhibit "A" is a copy of said letter and the documentation that was included therewith (the "Letter #1").

25.     Letter #1 represents Defendant's initial communication with Plaintiffs in connection with the collection of the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

26.     In Letter #1, Defendant falsely represents the amount of the Consumer Debt as $69,035.80.

27.     In Letter #1, Defendant falsely represents that, with respect to the Consumer Debt, "[i]nterest accrues at the rate of 18% per annum." *See* Letter #1.

28.     In Letter #1, Defendant threatens Plaintiffs with the following statement:

> In order to avoid any additional legal fees, interest and court costs, we encourage your cooperation in paying the delinquency plus the expense incurred by the Association in the total amount of **$69,035.80** within thirty (30) days.  Your failure to pay the delinquency, fees and cost will result in a lien filed against your unit without further notice.

*See* Letter #1 at 2.

29.     In Letter #1, Defendant further provides the following language:

> **Unless, within thirty (30) days after your receipt of this letter, you dispute the validity of the amounts due (or any portion thereof), this Firm shall assume the debt to be valid. If you notify this Firm in writing within the thirty (30) day period that the aforesaid debt (or any portion thereof) is disputed, this Firm shall obtain written verification of the amount due and verification will be mailed to you by this Firm.**
>
> **This Law Firm may be deemed a "debt collector" under the Fair Debt Collection Practices Act. We are attempting to collect a debt, and any information obtained will be used for that purpose only.**
>
> **Federal law allows you to dispute the validity of a debt within thirty (30) days of your receipt of this letter. However, the law does not require the Association or this Law Firm to wait that entire period to attempt to collect the debt. For this reason, you are required to make the payment as specified above.  If you request proof of the debt or the name and address of the original creditor within the thirty (30) day period that begins with your receipt of this letter, this Law Firm will suspend its efforts (through litigation or otherwise) to collect the debt until you are mailed the required information.**

*See* Letter #1 at 3.

30.     In Letter #1, Defendant falsely asserts that, even if Plaintiffs dispute the Consumer Debt within thirty (30) days, "the law does not require the [Creditor] or [Defendant] to wait that

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

entire period to attempt to collect the debt. For this reason, you are requirement to make the payment as specified above." *See* <u>Letter #1</u> at 3.

31.     Upon receiving and reviewing Letter #1, Plaintiffs became scared and visibly upset, as Letter #1 was demanding money that was not owed and, further, was threatening legal action, *namely*, the filing of a lien, if Plaintiffs did not pay the $69,035.80 within thirty days. In light of this, Plaintiffs contacted and retained JK Law, P.A., to respond to Defendant.

32.     Defendant falsely represents in Letter #1 the amount sought therein, *i.e.*, $69,035.80, includes "court costs." *See* <u>Letter #1</u> at 2 ("In order to avoid any additional legal fees, interest and court costs....").

33.     Defendant threatens to take action that it (Defendant) cannot legally take in Letter #1 by representing that it (Defendant) can lawfully, and immediately, file a lien against Plaintiffs' property without any notice to Plaintiffs. *See* <u>Letter #1</u> ("Your failure to pay the delinquency, fees and costs will result in a lien filed against your unit without further notice.").

34.     On December 13, 2019, within thirty (30) days of Plaintiffs receiving Letter #1, Plaintiffs sent Defendant a written response to the Letter #1, whereby Plaintiffs both: (1) disputed the validity of the Consumer Debt; and (2) demanded verification of the Consumer Debt. Attached as Exhibit "B" is a copy said written response (the "Response to Letter #1").

35.     In the Response to Letter #1, Plaintiffs stated to Defendant, among other things, the following:

> As you may not be aware, our clients are in possession of invoices directly from the Association indicating payment of numerous items on which your letter appears to be errantly assessing interest. These invoices do not indicate any interest due with respect to any payments, nor has the Association ever provided our clients with a statement of account or communication evidencing that any interest had been assessed against them at any time, much less had been silently accruing over the course of multiple years to the tune of tens of thousands of dollars.

*See* <u>Response to Letter #1</u> at 1.

36.     In the Response to Letter #1, Plaintiffs made clear that the Creditor of the Consumer Debt had contacted Plaintiffs regarding the Consumer Debt, whereby the Creditor had explicitly claimed the amount of the Consumer Debt was $24.481.47, whereby said amount ($24.481.47) was nonetheless already paid by Plaintiffs. *See* <u>Response to First Letter</u> at 1 ("the [Creditor's] most recent communication with [Plaintiffs] made explicit reference solely to the $24,481.47 comprising then-outstanding 2019 dues, all of which have been made current.").

37.     In the Response to Letter #1, Plaintiffs frustration and confusion from the $69,035.80 demanded by Defendant in Letter #1 was made clear. *See* <u>Response to First Letter</u> at 1 ("Needless to say, the sudden and inexplicable appearance of the $44,543.33 [*i.e.*, $69,035.80 *minus* the $24,481.47 paid by Plaintiffs] in alleged interest and unpaid dues over so many years and without any prior notice or indication of the existence of the same to [Plaintiffs] leaves us somewhat baffled.").

38.     In the Response to Letter #1, Plaintiffs made clear that Plaintiffs *hoped* Defendant's attempt to collect funds not otherwise owed by Plaintiffs was "merely a misunderstanding and not a punitive or retaliatory effort on the part of the [Creditor] to fabricate tens of thousands of dollars in charges and use [Defendant] as an unwitting instrument to bludgeon [Plaintiffs] into submission with respect to [Plaintiffs'] manifold grievances with the [Creditor's] prior conduct." *See* <u>Response to Letter #1</u> at 2.

39.     On a date better known by Defendant, in response to the Response to Letter #1, Defendant sent Plaintiff a second letter, internally dated March 9, 2020, in an attempt to collect the Consumer Debt. Attached as Exhibit "C" is a copy of said letter and the documentation that was included therewith (the "Letter #2").

40.     Letter #2 was transmitted to Plaintiffs "**Via Fax: (888) 718-8862**." *See* <u>Letter #2</u>.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

41.     Defendant does not state in Letter #2 that Letter #2 is a communication from a debt collector.

42.     In Letter #2, Defendant first acknowledges its (Defendant's) receipt of the Response to Letter #1, stating: "We have received your letter dated December 13, 2019, regarding the above-referenced matter and dispute allegations contained therein." Letter #2. Immediately thereafter, however, Defendant's falsely assert that "[Plaintiff's] account remains delinquent and the [Creditor] will proceed with further legal action if the outstanding delinquency is not resolved." Letter #2.

43.     In Letter #2, just as in Letter #1, Defendant falsely represents that the Consumer Debt is subject to an interest rate of 18% per annum. *See* Letter #2 at 1 ("[i]n response to your inquiry concerning interest, in accordance with the Declaration of Condominium for Sabal Ridge Apartments, interest on delinquent assessments accrues at the highest rate per annum (18%).").

44.     In Letter #2, Defendant falsely represents the amount of the Consumer Debt as $47,627.69.

45.     Prior to sending Letter #1, Defendant's knew that the Consumer Debt *was not* subject to "the highest rate per annum" of 18%, whereby such knowledge is made explicit by way of the documents Defendant filed with this Court in support of motion to dismiss, *see* D.E. 6-5 D.E. 7-5; and D.E. 10-3, as well as quoted by Defendant therein. *See, e.g.,* D.E. 10 at 16, ¶ 58(G) ("When in default, the delinquent installment there due to [the Creditor] shall bear **interest** at the rate of 8% per annum until such delinquent assessment or installment thereof, and all interest due thereon, has been paid in full to [the Creditor]." (emphasis original)).

PAGE | **7** of **26**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

46.     Attached as Exhibit "D" is a copy of the Declaration of Condominium for Sabal Ridge Apartments (the "Declaration") which Defendant repeatedly, and falsely, represented as permitting an interest rate of 18% per annum.

47.     Pursuant to applicable portion of the Declaration:

> G.  The payment of any assessment or installment thereof due to ASSOCIATION shall be in default if such assessment, or any install-ment thereof, is not paid unto ASSOCIATION, on or before the due date for such payment.  When in default, the delinquent assessment or delinquent installment thereof due to ASSOCIATION shall bear interest at the rate of 8% per annum until such delinquent assessment or installment thereof, and all interest due thereon, has been paid in full to ASSOCIATION.

*See* Declaration at 3(G); *See also* D.E. 10 at 16, ¶ 58(G); D.E. 6-5; D.E. 7-5; and D.E. 10-3.

48.     In Letter #2, Defendant falsely represents the amount of the Consumer Debt as $47,627.69.

49.     In Letter #2, Defendant threatens that: "[Plaintiff] must make arrangements to resolve the full amount owed or the [Creditor] will have no alternative but to proceed with further legal action. Payment in full or acceptable payment arrangements must be made by **March 20, 2020**, or the [Creditor] will proceed accordingly." *See* Letter #2 (emphasis original).

50.     On April 15, 2020, Plaintiffs sent Defendant a written response to Letter #2 *via* e-mail and Defendant received said written response that same day. Attached as Exhibit "E" is a copy of said written response and the documents included therewith (the "Response to Letter #2").

51.     In the Response to Letter #2, Plaintiffs state: "We have received your letter dated March 9, 2020, regarding [Plaintiffs' Residence] and note that while you purport to dispute the content of [the Response to Letter #1], you have still failed to validate that any amount is owed by [Plaintiffs] to [the Creditor]." *See* Response to Letter #2 at 1.

PAGE | **8** of **26**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

52.     On December 11, 2020, Defendant sent Plaintiffs an e-mail in an attempt to collect the Consumer Debt. Attached as Exhibit "F" is a copy of said e-mail ("Letter #3").

53.     In Letter #3, Defendant states: "With regard to the outstanding amounts owed to the [Creditor], … the principal amount owed is $14,924.42." *See* Letter #3.

54.     Defendant falsely represents in Letter #3 that the principal portion of the Consumer Debt is $14,924.42.

55.     In Letter #3, Defendant represents that Plaintiffs "owe interest" on the alleged "principal amount" (*i.e.*, $14,924.42) equaling "approximately $34,000.00," as well "$2,600.00" worth of "attorney's fees." *See* Letter #3.

56.     Defendant falsely represents in Letter #3 that Plaintiffs owed Defendant $2,600 worth of "attorney's fees" as part of the Consumer Debt.

57.     Defendant falsely represents in Letter #3 that Plaintiffs owed $34,000 wroth of interest" as part of the Consumer Debt.

58.     Defendant falsely represents in Letter #3 the amount of the Consumer Debt (inclusive of principal, interest, and attorney's fees) was $51,524.43.

59.     In Letter #3, Defendant falsely represents that: "due to the principal amounts owed and the statutory application of payments, [Plaintiffs] will owe interest and attorneys fees if the matter is pursued in Court and the fees [Plaintiffs] have incurred will not be recoverable in the context of any collection action." Letter #3.

60.     Defendant states in Letter #3 that "[t]his communication from a debt collector is an attempt to collect a debt and any information will be used for that purpose."

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

61.     On December 18, 2020, Plaintiffs sent Defendant an e-mail in response to Letter #3 and Defendant received said e-mail that same day. Attached as Exhibit "G" is a copy of said written response (the "Response to Letter #3").

62.     In the Response to Letter #3, Plaintiffs, "merely to pet an end to the expense and inconvenience of defending themselves against [the] unceasing harassment," offered to pay, under protest, $12,578.60.

63.     On January 4, 2021, in connection with the collection of the Consumer Debt, Defendant notified Plaintiffs *via* e-mail that, allegedly, the Creditor declined Plaintiffs' offer of paying $12,578.60 to end the unceasing harassment. Attached as Exhibit "H" is a copy of said e-mail ("Letter #4").

64.     Defendant states in Letter #4 that "[t]his communication from a debt collector is an attempt to collect a debt and any information will be used for that purpose."

65.     On January 13, 2021, Plaintiffs sent Defendant an e-mail in response to Letter #4 and Defendant received said e-mail that same day. Attached as Exhibit "I" is a copy of said e-mail (the "Response to Letter #4").

66.     In the Response to Letter #4, Plaintiffs offer to pay, under protest, the supposed principal amount of $14,924.43 to end the unceasing harassment.

67.     On January 28, 2021, Defendant sent Plaintiffs an e-mail in an attempt to collect the Consumer Debt. Attached as Exhibit "J" is a copy of said e-mail ("Letter #5").

68.     Defendant states in Letter #5 that "[t]his communication from a debt collector is an attempt to collect a debt and any information will be used for that purpose."

69.     In Letter #5, Defendant falsely represents that Plaintiffs "owe interest on the past due amounts in excess of $38,000.00." *See* Letter #5.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

70.     In Letter #5, Defendant falsely represents the principal portion of the Consumer Debt as being 14,924.43. *See* Letter #5.

71.     In Letter #5, Defendant falsely states "none of the amounts owed are time-barred and pursuant to Florida Statutes, [Plaintiffs] will owe interest and attorneys fees." Letter #5.

72.     In Letter #5, Defendant falsely represented that Defendant was entitled to recover attorneys fees from Plaintiffs in the amount of $3,538.00. *See* Letter #5.

73.     In Letter #5, Defendant presents Plaintiffs with a "one time offer," of which Defendant claimed to be "in an effort to avoid litigation" against Plaintiffs, of $18,462.43 by February 5, 2021. *See* Letter #5.

74.     On February 3, 2021, Plaintiffs sent Defendant a written response to Letter #5 *via* e-mail and Defendant received said written response that same day. Attached as Exhibit "K" is a copy of said written response and the check contained therein (the "Response to Letter #5").

75.     In the Response to Letter #5, Plaintiffs state:

> Per [Letter #5] dated January 28, 2021, as demanded, please find enclosed a check made payable to [Defendant] in the amount of $18,709.54 which amount represents $14,924.43 of outstanding HOA fees, $3,538.00 of attorney fees, and $247.11 of the increase in January 2021 HOA fees. **Please be advised that** [Plaintiffs] **make this payment under protest due to your improper thread of litigation**.

*See* Response to Letter #5 (emphasis added).

### DEFENDANT'S PUBLICATION OF PRIVATE AND SENSITIVE FINANCIAL INFORMATION

76.     On March 24, 2021, March 25, 2021, and April 21, 2021, Defendants caused sensitive and private financial information belonging to Plaintiffs to be published to the public, whereby such publication provided the public with full and unrestricted access such information

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*via* the internet (collectively, the "Publications"). *See* <u>D.E. 6-4</u> (the March 24, 2021, publication); <u>D.E. 7-4</u> (the March 25, 2021, publication); and <u>D.E. 10-2</u> (the April 21, 2021, publication).

77.     Plaintiffs has consistently taken precautions to ensure that Plaintiffs' personal and financial information are not disclosed to the public, including, but not limited to: **[1]** storing documents containing sensitive information, such as banking account and routing numbers, in a safe and secure locations; **[2]** destroying any documents that are received in the mail that include sensitive information or could otherwise be used to steal Plaintiffs' identity; and **[3]** regularly monitoring their (Plaintiff's) bank accounts, credit card statements, credit reports, and other financial accounts.

78.     By and through the Publications, Defendant published to the public the account and routing number associated with the bank account of Plaintiffs (the "Sensitive Financial Information").

79.     Plaintiffs did not consent to Defendant's publication of the Sensitive Financial Information.

80.     The Sensitive Financial Information that Defendant published and otherwise made available to the public *via* the Publication was not public knowledge or otherwise available to anyone without the consent of Plaintiffs.

81.     As a result of the Publication, Plaintiffs now require protective measures, such as identity theft protection services, to prevent unlawful and/or otherwise malicious use of the Sensitive Financial Information that Defendant released to the public. Even with protective measures, however, the harm caused by the Publication cannot be undone.

82.      Unlike other data breach cases where "hackers" manage to gain unauthorized access to private financial information, *such a consumer's banking information*, Defendants

PAGE | **12** of 26

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

committed the unconscionable, unfair, reckless, and grossly negligent act of releasing the Sensitive

Financial Information of Plaintiffs to the public, whereby anyone with an internet connection could

obtain said Sensitive Financial Information and otherwise subject Plaintiffs to identity and

financial theft – the likes of which Plaintiffs were not otherwise subject to prior to the Publications.

**ARTICLE III STANDING**

83.    "Under settled precedent, the 'irreducible constitutional minimum' of standing

consists of three elements: the Plaintiffs must have suffered an injury in fact, the defendant must

have caused that injury, and a favorable decision must be likely to redress it. The party invoking

the jurisdiction of a federal court bears the burden of establishing these elements to the extent

required at each stage of the litigation." Trichell v. Midland Credit Mgmt., 964 F.3d 990, *7 (11th

Cir. 2020) (*citing* and *quoting* Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).

Simplified, Article III standing has three leading components: (1) *injury in fact*; (2) *causation*; and

(3) *redressability*.

84.    "The 'foremost' standing requirement is **injury in fact**." Trichell at *8 (emphasis

added) (*quoting* Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998)).

85.    "An injury in fact consists of '**an invasion of a legally protected interest**' that is

both '**concrete** and **particularized**' and '**actual** or **imminent**, not conjectural or hypothetical.'"

Trichell at *8 (emphasis added) (*quoting* Lujan, 504 U.S. 555 at 560). Simplified, *injury in fact*

has four components: an (1) actual or imminent, and not conjectural or hypothetical, (2) invasion

of a legally protected interest (3) that is concreate and (4) particularized. *See* Spokeo, 136 S. Ct.

1540 at 1548 ("To establish injury in fact, a Plaintiffs must show that he or she suffered 'an

invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or

imminent, not conjectural or hypothetical.'" (*quoting* Lujan, 504 U. S. 555 at 560)); *see also*

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Cooper v. Atl. Credit & Fin., No. 19-12177, 2020 U.S. App. LEXIS 23719, at *8 (11th Cir. July 28, 2020) ("To establish standing, a Plaintiffs must instead '**show that the violation harmed** … **the underlying concrete interest that Congress sought to protect**.'" (emphasis added) (*quoting* Casillas v. Madison Ave. Assocs., 926 F.3d 329, 333 (7th Cir. 2019)).

86.    "To be **particularized**, the injury 'must affect the Plaintiffs in a personal and individual way.' [*quoting* Lujan, 504 U. S. 555 at 560 n.1]. In other words, 'the injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.' [*quoting* Sierra Club v. Morton, 405 U.S. 727, 734-35 (1972)]. The same principle holds true when the Plaintiffs invokes a statutory cause of action: 'where a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a **concrete**, **particularized**, and **personal injury** to that person as a result of the violation of the newly created legal rights.'" Trichell at *17 (emphasis added) (*quoting* Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1251 (11th Cir. 2015)).

87.    "A '**concrete**' injury must be '*de facto*' – that is, it must be '**real**, and not abstract.'" Trichell at *8 (emphasis added) (*quoting* Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016)). "As a general matter, **tangible injuries qualify as concrete**." Trichell at *8 (*quoting* Spokeo, 136 S. Ct. 1540 at 1549). Allegations of either having "**made any payments** in response to" a challenged collection letter "or even … **wasted time** *or* **money** in determining whether to do so" are tangible and otherwise concrete injuries. Trichell at *8 (emphasis added).

88.    In Trichell, the Eleventh Circuit pointedly grappled the *injury in fact* component of Article III standing – and in particular – whether the *intangible* injuries alleged by the plaintiffs were capable of satiating the overarching *injury in fact* requirement. The Trichell court observed the injuries alleged by the plaintiffs as *intangible* because, although claiming to have **received**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*misleading* and *unfair* collection letters that violated their rights under 15 U.S.C. § 1692e (generally prohibiting *misleading* communications in connection with the collection of a consumer debt) and § 1692f (generally prohibiting *unfair* communications in connection with the collection of a consumer debt), **neither Plaintiffs alleged to have been misled or otherwise unfairly mislead by their respective collection letter**.

89.     Without allegations indicating that the plaintiffs themselves were misled, and because the *specific* section of the FDCPA advanced by the plaintiffs only prohibited *misleading* communications, any ability to satiate Article III standing by the plaintiffs quickly crumbled. Put differently, because the plaintiffs' claim was that the underlying collection letters were misleading and/or otherwise unfair, **in light of the fact that neither Plaintiffs alleged to have been misled themselves**: [1] there was no palpable *actual* injury, but instead, merely the risk of an *imminent* injury, of which the court found insufficiently imminent, *and* [2] there was no sufficiently concrete *or* particularized injury because the plaintiffs did not allege more than an injury to a cognizable interest (*i.e.*, the plaintiffs *only* alleged the collection letters could unlawfully mislead the least sophisticated consumer, and *not* that the plaintiffs themselves were unlawfully mislead).

90.     Simply put, <u>Trichell</u> confirms that, to the extent a plaintiffs is seeking to enforce an invasion of a statutorily created interest (*e.g.*, § 1692e of the FDCPA which *generally* prohibits misleading communications in connection with the collection of a debt from a debt collectors), a plaintiff cannot manifest the necessary *injury in fact* unless the plaintiff alleges a **concrete**, **particularized**, and **personal injury** caused by the violation of said statutorily created right.

91.     With respect to Plaintiffs and the immediate action, <u>Trichell</u> affords *some* utility to the analysis of whether Plaintiffs has sustained and alleged the necessary *injury in fact*. In large,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

however, <u>Trichell</u> is of limited application, as the focus of <u>Trichell</u> was the sufficiency of the *intangible* injury alleged by the plaintiffs.

92.     Here, unlike the plaintiffs of <u>Trichell</u>, Plaintiffs has sustained *tangible injuries* (*see* <u>Supra</u> ¶ 74), the likes of which are objectively concrete. *See* <u>Trichell</u> at \*8 (exemplifying allegations of either having "made any payments in response to" a challenged collection letter "or even … wasted time or money in determining whether to do so" as tangible and otherwise concrete injuries for purposes of Article III standing). Further, as alleged below, because Defendant's violations of the FDCPA and FCCPA caused *tangible* injury to Plaintiffs, it is without question that Plaintiffs' *actual* injuries are sufficiently *particularized*.

93.     Thus, Plaintiffs has sufficiently established the *injury in fact* component of Article III standing, leaving only *causation* and *redressability* – the likes of which are equally satisfied, as a decision in Plaintiffs favor will afford Plaintiffs both the *actual* and *statutory* damages sought herein and, *but for* the below identified illegal conduct of Defendant, Plaintiffs *would not* have sustained the complained of concrete injuries.

## COUNT 1
## <u>VIOLATION OF FLA. STAT. § 559.72(9)</u>
### (WITH RESPECT TO LETTER #1)

94.     Plaintiffs incorporates by reference paragraphs 10 through 93 of this Second Amended Complaint.

95.     Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist*." Fla Stat. § 559.72(9) (emphasis added).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

96.     Defendant, by and through Letter #1, committed four (4) separate and independent violations of the FCCPA.

97.     First, by and through Letter #1, Defendant violated § 559.72(9) of the FCCPA by attempting to collect $69,035.80 from Plaintiffs because Defendant knew that said amount was not legitimate or otherwise owed by Plaintiffs, as said amount was comprised of amounts already paid by Plaintiffs and unlawful interest.

98.     Second, by and through Letter #1, Defendant violated § 559.72(9) of the FCCPA by asserting a legal right that Defendant knew did not exist, *namely*, the right to file a lien against Plaintiffs' Residence *without further notice* if Plaintiffs did not pay the $69,035.80 that Defendant unlawfully demanded from Plaintiffs.

99.     Third, by and through Letter #1, Defendant violated § 559.72(9) of the FCCPA asserting that "interest accrues at a rate of 18% per annum" with respect to the $69,035.80 Defendant sought to collect from Plaintiffs because, in so doing, Defendant was asserting the right to collect interest from Plaintiffs at a rate Defendant knew was impermissible and/or illegitimate.

100.    Forth, by and through Letter #1, Defendant violated § 559.72(9) of the FCCPA by falsely asserting that "the law does not require the [Creditor] or [Defendant] to wait that entire period [*i.e.*, the 30-day period after Plaintiffs' receipt of the Letter #1] to collect the debt [and] [f]or this reason, you are required to pay the payment as specified above," *see* <u>Letter #1</u> at 3, because Defendant knew that the law *does* require Defendant to cease collection efforts if "the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed…." *See* 15 U.S.C. § 1692g(b).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

101.    WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: [1] actual damages; [2] statutory damages; [3] costs; and [4] reasonable attorneys' fees.

## COUNT 2
## VIOLATION OF 15 U.S.C. §§ 1692e and 1692g(a)
### (WITH RESPECT TO LETTER #2)

102.    Plaintiffs incorporates by reference paragraphs 10 through 93 of this Second Amended Complaint.

103.    At no point in time did Defendant adequately disclose or otherwise provide to Plaintiffs, whether orally or in writing the information, statements, and/or disclosures required by 15 U.S.C. § 1692g(a)(3)-(5). As such, sending Letter #2 to Plaintiffs without having provided Plaintiffs with the statements, and/or disclosures required by, and in conformance with, § 1692g(a)(3)-(5) of the FDCPA, Defendant violated § 1692e and § 1692g(a) of the FDCPA.

104.    WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: [1] actual damages; [2] statutory damages; [3] costs; *and* [4] reasonable attorneys' fees.

## COUNT 3
## VIOLATION OF 15 U.S.C. § 1692e(11)
### (WITH RESPECT TO LETTER #2)

105.    Plaintiffs incorporates by reference paragraphs 10 through 93 of this Second Amended Complaint.

106.    Section 1692e(11) of the FDCPA requires, at minimum, that Defendant disclose in the Letter #2 that it (Letter #2) is a communication from a debt collector.

107.    Nowhere in Letter #2 does Defendant state that it (Defendant) is a debt collector, nor does Defendant state in Letter #2 that it (Letter #2) is a communication from a debt collector.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

As such, Defendant violated § 1692e(11) of the FDCPA by failing to state that it (Defendant) was a debt collector in Letter #2 and/or by failing to state in Letter #2 that it (Letter #2) was a communication from a debt collector.

108.   WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages; **[2]** statutory damages; **[3]** costs; *and* **[4]** reasonable attorneys' fees.

**COUNT 4**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
(WITH RESPECT TO LETTER #2)

109.   Plaintiffs incorporates by reference paragraphs 10 through 93 of this Second Amended Complaint.

110.   Defendant, by and through Letter #2, violated § 1692e(2)(A) of the FDCPA in two (2) separate and independent ways.

111.   First, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing character and amount of the Consumer Debt by falsely asserting in Letter #2 that the Consumer Debt was $47,627.69, as said amount was comprised of principal and interest that Plaintiffs did not owe and/or had already been paid by Plaintiffs, as well as attorney's fees which Defendant could not lawfully recover from Plaintiffs.

112.   Second, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing character and amount of the Consumer Debt, as Defendant falsely representing in Letter #2 that the Consumer Debt "accrues [interest] at the highest rate per annum (18%)." *See* Letter #2.

113.   WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages; **[2]** statutory damages; **[3]** costs; *and* **[4]** reasonable attorneys' fees.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

COUNT 5
**VIOLATION OF 15 U.S.C. § 1692e(2)(B)**
(WITH RESPECT TO LETTER #2, LETTER #3, AND LETTER #5)

114.    Plaintiffs incorporates by reference paragraphs 10 through 93 of this Second Amended Complaint.

115.    Defendant, by and through Letter #2, violated § 1692e(2)(B) of the FDCPA by falsely representing that Defendant was lawfully entitled to collect attorney's fees from Plaintiffs as part of the Consumer Debt.

116.    Defendant, by and through Letter #3, violated § 1692e(2)(B) of the FDCPA by falsely representing that Defendant was lawfully entitled to collect attorney's fees from Plaintiffs as part of the Consumer Debt.

117.    Defendant, by and through Letter #5, violated § 1692e(2)(B) of the FDCPA by falsely representing that Defendant was lawfully entitled to collect attorney's fees from Plaintiffs as part of the Consumer Debt.

118.    WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages; **[2]** statutory damages; **[3]** costs; *and* **[4]** reasonable attorneys' fees.

COUNT 6
**VIOLATION OF 15 U.S.C. § 1692e(10)**
(WITH RESPECT TO LETTER #2)

119.    Plaintiffs incorporates by reference paragraphs 10 through 93 of this Second Amended Complaint.

120.    Defendant, by and through Letter #2, violated § 1692e(10) of the FDCPA by falsely representing that, in response to Plaintiffs' written dispute of the Consumer Debt, "enclosed is the full and complete validation evidencing [Plaintiffs'] debt to the [Creditor]." *See* Letter #2 at 1. As

PAGE | **20** of **26**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

illustrated by the Response to Letter #2, not only had Defendant *not* provided the validation that (Defendant) claimed to be contained within Letter #2, but further, the documents which Defendant purported to reflect "the full and complete validation" of the Consumer Debt were both incomplete and inaccurate.

121.    WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages; **[2]** statutory damages; **[3]** costs; *and* **[4]** reasonable attorneys' fees.

**COUNT 7**
**<u>VIOLATION OF 15 U.S.C. § 1692e(2)(A)</u>**
(WITH RESPECT TO LETTER #3)

122.    Plaintiffs incorporates by reference paragraphs 10 through 93 of this Second Amended Complaint.

123.    Defendant, by and through Letter #3, violated § 1692e(2)(A) of the FDCPA in two (2) separate and independent ways.

124.    First, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing amount of the Consumer Debt by falsely asserting in Letter #3 that the "principal amount" of the Consumer Debt was $14,924.43.

125.    Second, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing character and amount of the Consumer Debt, as Defendant falsely represented in Letter #3 that Plaintiffs "owe interest on the pause due amount [*i.e.*, $14,924.43] totaling approximately $34,000.00." *See* <u>Letter #3</u>.

126.    WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages; **[2]** statutory damages; **[3]** costs; *and* **[4]** reasonable attorneys' fees.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT 8**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
(WITH RESPECT TO LETTER #3)

127.    Plaintiffs incorporates by reference paragraphs 10 through 93 of this Second Amended Complaint.

128.    Defendant, by and through Letter #3, violated § 1692e(10) of the FDCPA by falsely representing in Letter #3 that "due to the principal amounts owed and the statutory application of payments, [Plaintiffs] will owe interest and attorneys fees if the matter is pursued in Court and the fees [Plaintiffs] have incurred will not be recoverable in the context of any collection action." *See* Letter #3.

129.    WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages; **[2]** statutory damages; **[3]** costs; *and* **[4]** reasonable attorneys' fees.

**COUNT 9**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
(WITH RESPECT TO LETTER #5)

130.    Plaintiffs incorporates by reference paragraphs 10 through 93 of this Second Amended Complaint.

131.    Defendant, by and though Letter #5, violated § 1692e(2)(A) of the FDCPA in two (2) separate and independent ways.

132.    First, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing character and amount of the Consumer Debt, as Defendant falsely represented in Letter #5 that Plaintiffs "owe interest on the pause due amount in excess of $38,000.00." *See* Letter #3.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

133.     Second, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing amount of the Consumer Debt, as Defendant falsely represented in Letter #5 that Plaintiffs "the principal amount" associated with the Consumer Debt was "$14,924.43." *See* Letter #3.

134.     WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages; **[2]** statutory damages; **[3]** costs; *and* **[4]** reasonable attorneys' fees.

COUNT 10
**VIOLATION OF 15 U.S.C. § 1692f(1)**

135.     Plaintiffs incorporates by reference paragraphs 10 through 93 of this Second Amended Complaint.

136.     As set forth above, Defendant berated Plaintiffs with multiple different collection attempts, whereby in each such collection attempt, Defendant continuously sought to collect amounts from Plaintiffs that Plaintiffs *did not other owe* and/or *were otherwise already paid*. In so doing, Defendant continued to demand, in addition to the underlying debt, an increasing amount attorney's fees that Defendant did not have the authority to collect. Defendant's unrelenting collection efforts, coupled with the unexplained, ever changing amounts Defendant sought from Plaintiffs, caused Plaintiff to ultimately pay $18,709.54 to Defendant, unprotest, so to cease Defendant's relentless, unlawful collection efforts.

137.     As such, Defendant violated § 1692f(1) of the FDCPA by collecting $18,709.54 from Plaintiffs, as said amount was comprised of "principal" and "attorney's fees" that Plaintiffs did not owe and which Defendant could not lawfully collect.

138.     WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages; **[2]** statutory damages; **[3]** costs; *and* **[4]** reasonable attorneys' fees.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT 11**
**PUBLIC DISCLOSURE OF PRIVATE FACTS**

139.     Plaintiffs incorporates by reference paragraphs 10 through 93 of this Second Amended Complaint.

140.     Florida common law recognizes "four types of wrongful conduct that can all be remedied with resort to an invasion of privacy action," whereby one of which is the "**public disclosure of private facts**," *i.e.,* "**the dissemination of truthful private information which a reasonable person would find objectionable**." Agency for Health Care Admin. v. Associated Indus., 678 So. 2d 1239, 1252 n.20 (Fla. 1996) (emphasis added).

141.     Federal Rule of Civil Procedure 5.2, *Privacy Protection For Filings Made with the Court*, provides in relevant part, "in an electronic or paper filing with the court that contains an individual's … financial-account number, a party or nonparty making the filing may include only… the last four digits of the financial-account number." Fed.R.Civ.P. 5.2(a)(4) (". *See also* Committee Notes on Rule 5.2 – 2007 ("While providing for the public filing of some information, such as the last four digits of an account number, the rule does not intend to establish a presumption that this information never could or should be protected. For example, **it may well be necessary in individual cases to prevent remote access by nonparties to any part of an account number** or social security number." (emphasis added)).

142.     With respect to the present matter, **on three separate occasions**, *see* D.E. 6-4; D.E. 7-4; D.E. 10-2, Defendant filed unsealed, and otherwise unredacted, documents with this Court that readily reveal the entire account and routing number of Plaintiffs' bank account. It is anomic that Defendant, by and through each filing, disseminated Plaintiffs' private information. Fed.R.Civ.P. 5.2(a)(4) ("in an electronic or paper filing with the court that contains an individual's … financial-account number, a party or nonparty making the filing may include only… the last

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

four digits of the financial-account number."); <u>Committee Notes on Rule 5.2 – 2007</u> ("Parties must remember that any personal information not otherwise protected by sealing or redaction **will be made available over the internet**." (emphasis added)); *see also* <u>Id</u>. ("While providing for the public filing of some information, such as the last four digits of an account number, the rule does not intend to establish a presumption that this information never could or should be protected. For example **it may well be necessary in individual cases to prevent remote access by nonparties to any part of an account number** or social security number." (emphasis added)).

143.     The remaining inquiry, whether a "reasonable person would find objectionable," indeed is a question for the jury. *See* <u>Harms v. Miami Daily News, Inc.</u>, 127 So. 2d 715, 718 (Fla. 3d DCA 1961) (in action for public disclosure of private facts, question of whether remarks published by newspaper would be objectionable to reasonable person was for the jury).

144.     As a result of the Publications, Plaintiffs have suffered harm, both mentally and physically. While unfettered public access to the Sensitive Financial Information can be stemmed by *sealing* the record, the harm suffered by Plaintiffs cannot be undone. Indeed, the length of time the Sensitive Financial Information remains publicly accessible is a consideration in the context of damages, as the likelihood of, *for example*, identity or financial theft, increases longer the information remains accessible. Yet, there is no minimum duration or timeframe. Upon the initial publication, *see* <u>D.E. 6-4</u>, Plaintiffs' were immediately availed to irreversible harm, of which will perpetually cloud the financial security and welfare of Plaintiffs.

145.     WHEREFORE, Plaintiffs requests this Court to enter a judgment against Defendants awarding Plaintiff: **[1]** damages in an amount to be determined by the evidence; **[2]** costs; *and* **[3]** reasonable attorneys' fees.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
<u>www.JibraelLaw.com</u>

DATED: May 28, 2021

Respectfully Submitted,

/s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 28, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com