UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60456-CIV-DIMITROULEAS

GREGORY HAROLD POPE, and
MICHELE BERNADETTE POPE,

    Plaintiffs,

vs.

KAYE BENDER REMBAUM, P.L.,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant Kaye, Bender, Rembaum, P.L. ("Kay Bender")'s Motion to Dismiss Plaintiff's Second Amended Complaint [DE 24]. The Court has carefully considered the Motion [DE 24], Plaintiffs Gregory Harold Pope and Michele Bernadette Pope ("Plaintiffs")'s Response [DE 33], Defendant's Reply [DE 40], and is otherwise fully advised in the premises.

### I. BACKGROUND

On February 26, 2021, Plaintiffs filed this action against Defendant Kaye Bender, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et seq.* ("FCCPA"). [DE 1]. Plaintiffs filed the Second Amended Complaint, the operative pleading, on May 28, 2021. [DE 19].

According to the factual allegations in the Second Amended Complaint: Plaintiffs are natural persons, and citizens of the State of Florida, residing in Broward County, Florida. ¶ 4. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts and, at all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiffs' debts. ¶¶ 6, 7.  Defendant is required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency." ¶ 18.

Sabal Ridge Apartment Association, Inc. (the "Creditor") was the creditor of the debts Defendant sought to collect from Plaintiffs (the "Consumer Debt"). ¶ 8. The Consumer Debt is an obligation allegedly had by Plaintiffs to pay money arising from a transaction between the Creditor and Plaintiffs for the maintenance, upkeep, and other perpetual services, of Plaintiffs' residence, located at 750 South Ocean Blvd., #1-S, Boca Raton, Florida 33432 ("Plaintiffs' Residence"), located within Sabal Ridge community (collectively, the "Subject Service"). ¶ 12. The Subject Service was primarily for personal, family, or household purposes. ¶ 13. Plaintiffs are the alleged debtor of the Consumer Debt. ¶ 14.

The Creditor referred the collection of the Consumer Debt to Defendant for collection. ¶ 10. Defendant began attempting to collect the Consumer Debt from Plaintiff. ¶ 11.

Defendant sent Plaintiffs a series of written communications, consisting of letters and emails, between approximately November 15, 2019 and January 13, 2021, in an attempt to collect the Consumer Debt. *See generally* [DE 19] and attachments thereto. Defendant continuously sought to collect amounts from Plaintiffs that Plaintiffs did not other owe and/or were otherwise already paid. ¶ 136.  In so doing, Defendant continued to demand, in addition to

the underlying debt, an increasing amount attorney's fees that Defendant did not have the authority to collect. ¶ 136.  Eventually, Defendant's unrelenting collection efforts, coupled with the unexplained, ever changing amounts Defendant sought from Plaintiffs, caused Plaintiff to ultimately pay $18,709.54 to Defendant on February 5, 2021, under protest, in order to cease Defendant's relentless, unlawful collection efforts. ¶¶ 73, 136.

Three weeks later, on February 26, 2021, Plaintiffs filed the instant lawsuit against Defendant. *See* [DE 1]. Plaintiff alleges claims against Defendant for violations of the Florida Consumer Collection Practices Act ("FCCPA") (Count I), and the Fair Debt Collection Practices Act ("FDCPA") (Counts II-X).  Plaintiff also alleges a Florida common law claim of "public disclosure of private facts," of which is also referred to as "the dissemination of truthful private information which a reasonable person would find objectionable." (Count XI).

Defendant filed the instant Motion to Dismiss the Second Amended Complaint, seeking to dismiss all claims. *See* [DE 24].

## II.  STANDARD OF REVIEW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements . . . ." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

**III.   DISCUSSION**

Plaintiff alleges that Defendant Kaye Bender violated the FCCPA (Count I), the FCDPA (Counts II-X), and Florida common law against public disclosure of private facts (Count XI).

Defendant has moved to dismiss the Second Amended Complaint in its entirety, or alternatively for the dismissal of certain claims.  Defendant argues that the claims should be dismissed on the grounds that Plaintiffs failed to adequately allege injunctive relief sought, failed to assert a concrete and particularized injury, the language used in the letters at issue complied with the FDCPA and FCCPA, the amounts collected were authorized by statute and contract, Plaintiffs failed to sufficiently allege facts as to certain counts, and the information disclosed in this proceeding is not private.  The Court addresses these grounds, in turn.

### a. Request for Injunctive Relief

First, Defendant argues that the Second Amended Complaint should be dismissed because the title of the Second Amended Complaint is "SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL / INJUNCTIVE RELIEF SOUGHT" but the complaint does not otherwise provide a basis for entitlement to injunctive relief. The Court agrees with Defendant that Plaintiffs do not even attempt to allege that they are likely to suffer future harm as a result of conduct traceable to MBC. *See, e.g., Gause v. Med. Bus. Consultants, Inc.*, 424 F. Supp. 3d 1175, 1202 (M.D. Fla. 2019) (dismissing claim for injunctive relief for failure to plead the required elements). Accordingly, Plaintiffs' claim for injunctive relief shall be dismissed.

### b. Whether Plaintiffs lack Article III standing because they failed to allege a concrete and particularized injury

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing is thus a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing is established by showing an injury in fact, traceable to the defendant's conduct, that is likely redressable by a favorable judicial decision. *See Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (*quoting Lujan*, 504 U.S. at 560).

A statutory violation does not automatically confer subject matter jurisdiction upon the federal courts, as the Article III standing requirement must still be met. *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019). Courts look to the substance of a complaint's allegations to

determine the existence of standing arising from a concrete injury. *See Salcedo*, 936 F.3d at 1167.

Defendants argue that as to the entirety of the Second Amended Complaint, there is a total absence of any claim of direct harm to Plaintiffs that would support the requirements of a concrete and particularized injury for Article III standing. The Court disagrees. While Defendant might be able to point to instances in the Second Amended Complaint where Defendant is alleged to have committed mere procedural violations, Defendant glosses over and mischaracterizes the core substance of the Second Amended Complaint, which alleges adequate factual allegations supporting that Plaintiffs suffered both tangible and intangible harm to rise to the level of a concrete and particularized injury in fact and therefore is sufficient to establish a concrete injury for Article III standing.

   c.  **Whether Counts I-VI must be dismissed because the language used in the letters at issue complied with the FCCPA and FDCPA**

Under § 559.72(9) of the FCCPA, a debt collector may not "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate …." *See* Fla. Stat. § 559.72(9). A debt "must arise (1) from a consumer out of a (2) money, property, insurance, or services transaction which is (3) primarily for personal, family, or household purposes." *Kelly v. Duggan*, 282 So. 3d 969, 973 (Fla. 1st DCA 2019); *see Agrelo v. Affinity Mgmt. Servs., LLC*, 841 F.3d 944, 950 (11th Cir. 2016). To establish a claim under the FCCPA, Plaintiff must show that the debt collector: (1) asserted a legal right that did not exist and (2) "that the person had actual knowledge that the right did not exist." *Pollock v. Bay Area Credit Serv., LLC*, 08-61101-CIV, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009); *see* Fla. Stat. § 559.72(9); *see also Finster v. U.S. Bank Nat'l Ass'n,* 245 F. Supp. 3d 1304, 1318 (M.D. Fla. 2017), aff'd, 723 Fed. Appx. 877

(11th Cir. 2018). "The Plaintiff must plead some basic facts to support its conclusory allegations of knowledge or intent …." *In re Lamb*, 409 B.R. 534, 541 (Bankr. N.D. Fla. 2009).

To sustain a FDCPA claim, Plaintiff must allege: "(1) the Plaintiff has been the object of collection arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Lima v. Bank of Am., N.A.*, 249 F. Supp. 3d 1308, 1312 (S.D. Fla. 2017) (citing *Kaplan v. Assetcare, Inc.,* 88 F.Supp.2d 1355, 1360–61 (S.D. Fla. 2000)) (quoting *Sibley v. Firstcollect, Inc.*, 913 F.Supp. 469, 470 (M.D. La. 1995)).

      i.      Whether Count III must be dismissed because the March 9, 2020 communication (Letter #2) included the mandatory disclosure language required by the FDCPA

15 U.S.C. § 1692e(11) of the FDCPA expressly requires debt collectors to disclose in the initial communication that the communication is from a debt collector and that any information obtained will be used for debt collection purposes and "to disclose in subsequent communications that the communication is from a debt collector," but exempts formal pleadings from those disclosures. Section 1692k(a) states that "[a]ny debt collector who fails to comply with any provision of the [FDCPA]" is liable for that violation. The disclosure that the communication is from a debt collector must be made in all subsequent communications with the consumer. *See Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1353 (11th Cir. 2009) (citing 15 U.S.C. § 1692e(11)) ("[s]ection 1692e(11) requires a debt collector 'to disclose in subsequent communications that the communication is from a debt collector.'").

In Count III, alleging a violation of § 1692e(11) of the FDCPA via Letter #2 (the March 9, 2020 communication), Plaintiffs allege that Defendant violated § 1692e(11) of the FDCPA by

failing to state that Defendant was a debt collector in Letter #2 and/or by failing to state in Letter #2 that it (Letter #2) was a communication from a debt collector. *See* [DE 19] at ¶¶ 105-108.

Defendant argues in its Motion to Dismiss that Count III must be dismissed because the March 9, 2020 communication (Letter #2) included the mandatory disclosure language required by the FDCPA. The Court rejects Defendant's assertion that, although Letter # 2 was transmitted via Fax and does not state anywhere within Letter #2 that Defendant is a debt collector or that Letter #2 is a communication from a debt collector, Defendant nonetheless complied with § 1692e(11) because Defendant also separately sent Letter #2 via an e-mail and the face of the e-mail transmittal page contained the required disclosure. Defendant fails to convince the Court with any legal authority that a separate communication that is allegedly complaint with § 1692e(11) waives the violation of § 1692e(11) with regard to the communication of Letter # 2 transmitted via Fax at issue in Count III.

    ii. Whether Counts I-VI must be dismissed because Defendant's initial communication (Letter #1) conforms with Florida and federal law

Defendant also argues that Counts I-VI must be dismissed because Defendant's initial communication (Letter #1) conforms with Florida and federal law. Defendant's convoluted argument, *see* [DE 24] at pp. 16-17, cites no legal authority in support of its conclusory contentions and, moreover, ignores many of the allegations set forth in Counts I-VI regarding why Letters #1, 2, 3, 5, allegedly violated the FCCPA and/or the FDCPA. *See* [DE 19] at ¶¶94-120.

  **d.** **Whether Counts I-X must be dismissed because the amounts Defendant sought to collect were authorized by statute and contract**

Defendant also argues that Counts I-X (all of the counts under the FCCPA and/or FDCPA) must be dismissed because the amounts Defendant sought to collect were authorized by

statute or contract. Defendant ignores many of the factual allegations set forth in the Second Amended Complaint regarding the myriad of reasons why Plaintiffs assert in this action that Letters #1, 2, 3, 5, allegedly violated the FCCPA and/or the FDCPA.  Defendant also takes the unsubstantiated position, contradicted by numerous allegations in the Second Amended Complaint, that the Plaintiffs' dispute is only with the interest rate.  Further, as to the particular issue of the rate of assessment of interest the Creditor was permitted to assess based upon Declaration of Condominium for Sabal Ridge Apartments, there is at best a factual dispute. Finally, Defendant fails to convince the Court that Plaintiffs' allegation that "Defendant's unrelenting collection efforts, coupled with the unexplained, ever changing amounts Defendant sought from Plaintiffs, caused Plaintiff to ultimately pay $18,709.54 to Defendant, under protest, so to cease Defendant's relentless, unlawful collection efforts," *see* [DE 19] at ¶136, relieves Defendant of any and all potential liability for the alleged violations of the FCCPA and/or the FDCPA.

   e.   **Whether Plaintiffs failed to sufficiently allege facts as to Counts VII-X**

Defendants summarily argue that Counts VII-X, which all allege violations of specific provisions of the FDCPA, fail to sufficiently allege facts in support of these claims. The Court disagrees.  The factual allegations providing the grounds for each of these claims are set forth either in the counts themselves, and/or in the allegations of the Second Amended Complaint that are incorporated by reference into each of these counts.

   f.   **Whether Count XI must be dismissed because the account number information disclosed was not private and no damages are alleged**

The Florida Supreme Court created a tort action for invasion of privacy action in *Cason v. Baskin*, 155 Fla. 198 (1945). *See Agency for Health Care Admin. v. Associated Indus. of Fla., Inc.*, 678 So. 2d 1239, 1252 (Fla. 1996).  One of the four types of wrongful conduct that can all

be remedied with resort to an invasion of privacy action is "public disclosure of private facts—the dissemination of truthful private information which a reasonable person would find objectionable." *See id.* at n. 20.  Additionally, pursuant to Fed. R. Civ. P. 5.2(a)(4) ("Privacy Protection for Filings Made with the Court"):  "Unless the court orders otherwise, in an electronic or paper filing with the court that contains . . . a financial-account number, a party or nonparty making the filing may include only: . . . (4) the last four digits of the financial-account number." F.R.C.P. 5.2(a)(4).

In Count XI of the Second Amended Complaint, Plaintiffs allege a Florida law tort claim against Defendant for public disclosure of private facts. Plaintiffs allege that on three separate occasions in the litigation of this case, *see* [DE's 6-4; 7-4; 10-2], Defendant filed unsealed, and otherwise unredacted, documents with the Court that readily reveal the entire account and routing number of Plaintiffs' bank account, thus publicly disclosing Plaintiffs' "truthful private information which a reasonable person would find objectionable" through each filing. *See* [DE 19] at ¶¶139-145.  Plaintiffs have sufficiently pled facts to establish the private nature of the entire account and routing number of Plaintiffs' bank account and damages.  Defendant's arguments regarding the non-public nature of the Public Access to Court Electronic Records ("PACER") docket raises a factual dispute not applicable to a motion to dismiss.

### IV. CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Kaye Bender's Motion to Dismiss Plaintiff's Second Amended Complaint [DE 24] is **GRANTED IN PART** as to the claim for injunctive relief and is otherwise **DENIED**;
2. Defendant shall file its answer on or before November 5, 2021.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 22nd day of October, 2021.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of record