UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:21-cv-60456-WPD

GREGORY HAROLD POPE and MICHELE BERNADETTE POPE,

    Plaintiffs,

v.

KAYE BENDER REMBAUM, P.L.,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

COMES NOW Defendant, KAYE BENDER REMBAUM, P.L., (hereinafter "Defendant") by and through the undersigned attorneys, hereby files its Answer and Affirmative Defenses and Demand for Jury Trial to Plaintiffs, GREGORY HAROLD POPE and MICHELE BERNADETTE POPE's Second Amended Complaint and states as follows:

### JURISDICTION AND VENUE

1. Admitted for jurisdictional purposes only, however, Defendant denies any right Plaintiffs claim to bring the causes of action asserted.

2. Admitted for jurisdictional purposes only, however, Defendant denies any right Plaintiffs claim to bring the causes of action asserted.

3. Admitted for purposes of venue, however, Defendant denies any right Plaintiffs claim to bring the causes of action asserted.

### PARTIES

4. Without knowledge, therefore denied.

CASE NO.: 0:21-cv-60456-WPD

5. Admitted.

6. This paragraph states legal conclusions which do not require a response. To the extent a response is required, Defendant denies the allegations.

7. This paragraph states legal conclusions which do not require a response. To the extent a response is required, Defendant denies the allegations.

8. This paragraph states legal conclusions which do not require a response. To the extent a response is required, Defendant denies the allegations.

## DEMAND FOR JURY TRIAL

9. Admitted that Plaintiff purports to demand a trial by jury, however, Defendant denies any right Plaintiffs have to bring the instant causes of action. Moreover, Defendant hereby demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

10. Admitted that Defendant was retained by Sabal Ridge Apartment Association, Inc. ("Sabal Ridge") all other allegations are denied.

11. Admitted that Defendant was retained in part by Sabal Ridge to recover payment for past due and outstanding maintenance and assessments owning and due to Sabal Ridge. All other allegations are denied.

12. Denied.

13. Without knowledge, therefore denied.

14. This paragraph states legal conclusions which do not require a response. To the extent a response is required, Defendant denies the allegations.

15. This paragraph states legal conclusions which do not require a response. To the extent a response is required, Defendant denies the allegations.

16. This paragraph states legal conclusions which do not require a response. To the extent a response is required, Defendant denies the allegations.

17. This paragraph states legal conclusions which do not require a response. To the extent a response is required, Defendant denies the allegations.

18. This paragraph states legal conclusions which do not require a response. To the extent a response is required, Defendant denies the allegations.

19. Without knowledge, therefore denied.

20. Without knowledge, therefore denied.

21. This paragraph states legal conclusions which do not require a response. To the extent a response is required, Defendant denies the allegations.

22. This paragraph states legal conclusions which do not require a response. To the extent a response is required, Defendant denies the allegations.

23. Denied.

**Defendant's Debt Collection Efforts**

24. Admitted that Plaintiffs refer to a document attached to the complaint as Exhibit "A" and referred to as Letter #1, which speaks for itself. All other allegations alleged are denied.

25. Without knowledge, therefore denied.

26. Denied.

27. Admitted that Plaintiffs refer to a document attached to the complaint as Exhibit "A" and referred to as Letter #1, which speaks for itself. All other allegations set forth in paragraph 27, are denied.

CASE NO.: 0:21-cv-60456-WPD

28. Admitted that Plaintiffs refer to a document attached to the complaint as Exhibit "A" and referred to as Letter #1, which speaks for itself. All other allegations set forth in paragraph 28 are denied.

29. Admitted that Plaintiffs refer to a document attached to the complaint as Exhibit "A" and referred to as Letter #1, which speaks for itself. All other allegations set forth in paragraph 29 are denied.

30. Admitted that Plaintiffs refer to a document attached to the complaint as Exhibit "A" and referred to as Letter #1, which speaks for itself. All other allegations set forth in paragraph 30 are denied.

31. Denied.

32. Admitted that Plaintiffs refer to a document attached to the complaint as Exhibit "A" and referred to as Letter #1, which speaks for itself. All other allegations set forth in paragraph 32 are denied.

33. Admitted that Plaintiffs refer to a document attached to the complaint as Exhibit "A" and referred to as Letter #1, which speaks for itself. All other allegations set forth in paragraph 33 are denied.

34. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "B" and referred to as "Response to Letter #1", which speaks for itself. All other allegations set forth in paragraph 34 are denied.

35. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "B" and referred to as "Response to Letter #1", which speaks for itself. All other allegations set forth in paragraph 35 are denied.

36.     Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "B" and referred to as "Response to Letter #1", which speaks for itself. All other allegations set forth in paragraph 36 are denied.

37.     Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "B" and referred to as "Response to Letter #1", which speaks for itself. All other allegations set forth in paragraph 37 are denied.

38.     Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "B" and referred to as "Response to Letter #1", which speaks for itself. All other allegations set forth in paragraph 38 are denied.

39.     Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "C" and referred to as "Letter #2", which speaks for itself. All other allegations set forth in paragraph 39 are denied.

40.     Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "C" and referred to as "Letter #2", which speaks for itself. All other implication or allegations set forth in paragraph 40 are denied.

41.     Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "C" and referred to as "Letter #2", which speaks for itself. All other implication or allegations set forth in paragraph 41 are denied.

42.     Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "C" and referred to as "Letter #2", which speaks for itself. All other implication or allegations set forth in paragraph 42 are denied.

CASE NO.: 0:21-cv-60456-WPD

43. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "C" and referred to as "Letter #2", which speaks for itself. All other implication or allegations set forth in paragraph 43 are denied.

44. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "C" and referred to as "Letter #2", which speaks for itself. All other implication or allegations set forth in paragraph 44 are denied.

45. Denied.

46. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "D" and referred to as the "Declaration", which speaks for itself. All other implication or allegations set forth in paragraph 46 are denied.

47. Admitted Plaintiffs refer to and cite a document attached to the Complaint as Exhibit "D" and referred to as the "Declaration", which speaks for itself. All other implication or allegations set forth in paragraph 47 are denied.

48. Denied.

49. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "C" and referred to as "Letter #2", which speaks for itself. All other implication or allegations set forth in paragraph 49 are denied.

50. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "E" and referred to as "Response to Letter #2", which speaks for itself. All other implication or allegations set forth in paragraph 50 are denied.

51. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "E" and referred to as "Response to Letter #2", which speaks for itself. All other implication or allegations set forth in paragraph 51 are denied.

52. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "F" and referred to as "Letter #3", which speaks for itself. All other implication or allegations set forth in paragraph 52 are denied.

53. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "F" and referred to as "Letter #3", which speaks for itself. All other implication or allegations set forth in paragraph 53 are denied.

54. Denied.

55. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "F" and referred to as "Letter #3", which speaks for itself. All other implication or allegations set forth in paragraph 55 are denied.

56. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "F" and referred to as "Letter #3", which speaks for itself. All other implication or allegations set forth in paragraph 56 are denied.

57. Denied.

58. Denied.

59. Admitted Plaintiffs cite to a document attached to the Complaint as Exhibit "F" and referred to as "Letter #3", which speaks for itself. All other implication or allegations set forth in paragraph 59 are denied.

60. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "F" and referred to as "Letter #3", which speaks for itself. All other implication or allegations set forth in paragraph 60 are denied.

CASE NO.: 0:21-cv-60456-WPD

61. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "G" and referred to as "Response to Letter #3", which speaks for itself. All other implication or allegations set forth in paragraph 61 are denied.

62. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "G" and referred to as "Response to Letter #3", which speaks for itself. All other implication or allegations set forth in paragraph 62 are denied.

63. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "H" and referred to as "Letter #4", which speaks for itself. All other implication or allegations set forth in paragraph 63 are denied.

64. Admitted Plaintiffs cites to a document attached to the Complaint as Exhibit "H" and referred to as "Letter #4", which speaks for itself. All other implication or allegations set forth in paragraph 64 are denied.

65. Admitted Plaintiffs cites to a document attached to the Complaint as Exhibit "I" and referred to as "Response to Letter #4", which speaks for itself. All other implication or allegations set forth in paragraph 64 are denied.

66. Admitted Plaintiffs cites to a document attached to the Complaint as Exhibit "I" and referred to as "Response to Letter #4", which speaks for itself. All other implication or allegations set forth in paragraph 66 are denied.

67. Admitted Plaintiffs cites to a document attached to the Complaint as Exhibit "J" and referred to as "Letter #5", which speaks for itself. All other implication or allegations set forth in paragraph 67 are denied.

68. Admitted Plaintiffs cites to a document attached to the Complaint as Exhibit "J" and referred to as "Letter #5", which speaks for itself. All other implication or allegations set forth in paragraph 68 are denied.

69. Admitted Plaintiffs cites to a document attached to the Complaint as Exhibit "J" and referred to as "Letter #5", which speaks for itself. All other implication or allegations set forth in paragraph 69 are denied.

70. Admitted Plaintiffs cites to a document attached to the Complaint as Exhibit "J" and referred to as "Letter #5", which speaks for itself. All other implication or allegations set forth in paragraph 70 are denied.

71. Admitted Plaintiffs cites to a document attached to the Complaint as Exhibit "J" and referred to as "Letter #5", which speaks for itself. All other implication or allegations set forth in paragraph 71 are denied.

72. Admitted Plaintiffs cite to a document attached to the Complaint as Exhibit "J" and referred to as "Letter #5", which speaks for itself. All other implication or allegations set forth in paragraph 72 are denied.

73. Admitted Plaintiffs cite to a document attached to the Complaint as Exhibit "J" and referred to as "Letter #5", which speaks for itself. All other implication or allegations set forth in paragraph 73 are denied.

74. Admitted Plaintiffs refer to a document attached to the Complaint as Exhibit "K" and referred to as "Response to Letter #5", which speaks for itself. All other implication or allegations set forth in paragraph 74 are denied.

75. Admitted Plaintiffs cites to a document attached to the Complaint as Exhibit "J" and referred to as "Letter #5", which speaks for itself. All other implication or allegations set forth in paragraph 67 are denied.

## DEFENDANT'S PUBLICATION OF PRIVATE AND SENSITIVE FINANCIAL INFORMATION

76. Denied.

77. Without knowledge, therefore denied.

78. Denied.

79. Denied.

80. Denied.

81. Without knowledge, therefore, denied.

82. Denied.

## ARTICLE III STANDING

83. Admitted that Plaintiffs cite to various legal authority within paragraph 83, which speaks for itself. All other allegations or implications are denied.

84. Admitted that Plaintiffs cite to various legal authority within paragraph 84, which speaks for itself. All other allegations or implications are denied.

85. Admitted that Plaintiffs cite to various legal authority within paragraph 85, which speaks for itself. All other allegations or implications are denied.

86. Admitted that Plaintiffs cite to various legal authority within paragraph 86, which speaks for itself. All other allegations or implications are denied.

87. Admitted that Plaintiffs cite to various legal authority within paragraph 87, which speaks for itself. All other allegations or implications are denied.

88. Admitted that Plaintiffs cite and refer to a case, <u>Trichell v. Midland Credit Mgmt</u>., 964 F.3d 990, *7 (11th Cir. 2020), which speaks for itself. All other allegations or implications are denied.

89. Admitted that Plaintiffs appear to cite and refer to a case, <u>Trichell v. Midland Credit Mgmt</u>., 964 F.3d 990, *7 (11th Cir. 2020), which speaks for itself. All other allegations or implications are denied.

90. Admitted that Plaintiffs cite and refer to a case, <u>Trichell v. Midland Credit Mgmt</u>., 964 F.3d 990, *7 (11th Cir. 2020), which speaks for itself. All other allegations or implications are denied.

91. Admitted that Plaintiffs cite and refer to a case, <u>Trichell v. Midland Credit Mgmt</u>., 964 F.3d 990, *7 (11th Cir. 2020), which speaks for itself. All other allegations or implications are denied.

92. Admitted that Plaintiffs cite and refer to a case, <u>Trichell v. Midland Credit Mgmt</u>., 964 F.3d 990, *7 (11th Cir. 2020), which speaks for itself. All other allegations or implications are denied.

93. Denied.

### Count 1
### VIOLATION OF FLA. STAT §559.72(9)

94. Defendant incorporates by references its answers to paragraphs 10 through 93 of this Answer to Plaintiffs' Second Amended Complaint.

95. Admitted that Plaintiffs cite and refer to Fla. Stat. §559.72(9), which speaks for itself. All other allegations or implications are denied.

96. Denied.

CASE NO.: 0:21-cv-60456-WPD

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief requested as it relates to Count 1 of the Second Amended Complaint and demands judgment against Plaintiffs.

### Count 2
### VIOLATION OF 15 U.S.C. §§ 1692e and 1692g(a)

102. Defendant incorporates by references its answers to paragraphs 10 through 93 of this Answer to Plaintiffs' Second Amended Complaint.

103. Denied.

104. WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief requested as it relates to Count 2 of the Second Amended Complaint and demands judgment against Plaintiffs.

### Count 3
### VIOLATION OF 15 U.S.C. §§ 1692e (11)

105. Defendant incorporates by references its answers to paragraphs 10 through 93 of this Answer to Plaintiffs' Second Amended Complaint.

106. Denied.

107. Denied.

108. WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief requested as it relates to Count 3 of the Second Amended Complaint and demands judgment against Plaintiffs.

### Count 4
### VIOLATION OF 15 U.S.C. §§ 1692e (11)

109. Defendant incorporates by references its answers to paragraphs 10 through 93 of this Answer to Plaintiffs' Second Amended Complaint.

110. Denied.

111. Denied.

112. Denied.

113. WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief requested as it relates to Count 4 of the Second Amended Complaint and demands judgment against Plaintiffs.

### Count 5
### VIOLATION OF 15 U.S.C. § 1692e (2)(B)

114. Defendant incorporates by references its answers to paragraphs 10 through 93 of this Answer to Plaintiffs' Second Amended Complaint.

115. Denied.

116. Denied.

117. Denied.

118. WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief requested as it relates to Count 5 of the Second Amended Complaint and demands judgment against Plaintiffs.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 0:21-cv-60456-WPD

### Count 6
### VIOLATION OF 15 U.S.C. § 1692e (10)

119.	Defendant incorporates by references its answers to paragraphs 10 through 93 of this Answer to Plaintiffs' Second Amended Complaint.

120.	Denied.

121.	WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief requested as it relates to Count 6 of the Second Amended Complaint and demands judgment against Plaintiffs.

### Count 7
### VIOLATION OF 15 U.S.C. § 1692e (2)(A)

122.	Defendant incorporates by references its answers to paragraphs 10 through 93 of this Answer to Plaintiffs' Second Amended Complaint.

123.	Denied.

124.	Denied.

125.	Denied.

126.	WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief requested as it relates to Count 7 of the Second Amended Complaint and demands judgment against Plaintiffs.

### Count 8
### VIOLATION OF 15 U.S.C. § 1692e (10)

127.	Defendant incorporates by references its answers to paragraphs 10 through 93 of this Answer to Plaintiffs' Second Amended Complaint.

128.	Denied.

129.    WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief requested as it relates to Count 8 of the Second Amended Complaint and demands judgment against Plaintiffs.

### Count 9
### **VIOLATION OF 15 U.S.C. § 1692e (10)**

130.    Defendant incorporates by references its answers to paragraphs 10 through 93 of this Answer to Plaintiffs' Second Amended Complaint.

131.    Denied.

132.    Denied.

133.    Denied.

134.    WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief requested as it relates to Count 9 of the Second Amended Complaint and demands judgment against Plaintiffs.

### Count 10
### **VIOLATION OF 15 U.S.C. § 1692f(1)**

135.    Defendant incorporates by references its answers to paragraphs 10 through 93 of this Answer to Plaintiffs' Second Amended Complaint.

136.    Denied.

137.    Denied.

138.    WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief requested as it relates to Count 10 of the Second Amended Complaint and demands judgment against Plaintiffs.

CASE NO.: 0:21-cv-60456-WPD

## Count 11
## PUBLIC DISCLOSURE OF PRIVATE FACTS

139. Defendant incorporates by references its answers to paragraphs 10 through 93 of this Answer to Plaintiffs' Second Amended Complaint.

140. Admitted that Plaintiffs cite and refer to a case, <u>Agency for Health Care Admin. v. Associated Indus.</u>, 678 So. 2d 1239, 1252 n.20 (Fla. 1996), which speaks for itself. All other allegations or implications are denied.

141. Admitted that Plaintiffs cite and refer to a rule, Federal Rule of Civil Procedure 5.2, which speaks for itself. All other allegations or implications are denied.

142. Denied.

143. Admitted that Plaintiffs cite and refer to a case, <u>Harms v. Miami Daily News, Inc.</u>, 127 So. 2d 715, 718 (Fla. 3d DCA 1961), which speaks for itself. All other allegations or implications are denied.

144. Denied.

145. WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief requested as it relates to Count 11 of the Second Amended Complaint and demands judgment against Plaintiffs.

### AFFIRMATIVE DEFENSES:

1. Failure to State a Claim: Plaintiffs' complaint, and each purported claim for relief contained therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

2. Laches: Plaintiffs' claims are barred by the equitable defense of laches.

3. Unclean Hands: Plaintiffs' claims are barred by the equitable defense of unclean hands.

CASE NO.: 0:21-cv-60456-WPD

4. Equitable Estoppel: Plaintiffs' claims are barred by the doctrine of equitable estoppel.

5. Waiver and Release: Plaintiffs have waived and released any and all claims they may have had against Defendants.

6. Bad Faith/Breach of Contract: Plaintiffs have acted in bad faith by (among other things) breaching the terms of the declaration and should not be permitted to recover damages against Defendants in seeking to recover amounts owed under the declaration.

7. Comparative Fault/Contributory Negligence: Even assuming that Defendant is at some fault, the plaintiffs are at greater fault than any of the Defendants. Additionally, even assuming that any of the Defendants are at some fault, any damages suffered by plaintiffs were caused by their own intentional or negligent acts, omissions, or wrongdoing.

8. Set-Off and Reduction: Even assuming plaintiffs have been damaged, Defendants are entitled to receive a set-off and reduction against any amounts recovered by plaintiffs from any other party or source, including (but not limited to) insurance or separate litigation.

9. Mitigation of Damages: Even assuming plaintiffs have been damaged, they have not reasonably acted to mitigate their damages (if any) by (among other things) failing to make maintenance and assessment payments to prevent an arrearage from mounting. Any damages should be reduced in direct proportion.

10. Default: Plaintiffs defaulted on the terms of their contract with their Association by failing to make payments as required under the declaration, and plaintiffs' claims are barred for that reason.

11. Fault of Others: Even assuming that plaintiffs have been damaged, any such damages resulted from, and were proximately caused by, the acts and/or omissions of persons or entities other than Defendants, including but not limited to plaintiffs.

12. No Vicarious Liability: Defendant is not vicariously liable for alleged acts of misconduct that plaintiffs attribute to the Association or any other party or person. Defendant cannot be found vicariously liable for alleged acts of misconduct attributed to any party or person outside of its employment or control.

13. No Actual Damages: Plaintiffs have not suffered any actual damages.

14. Plaintiffs lack Article III standing to bring the causes of action asserted.

CASE NO.: 0:21-cv-60456-WPD

15. Plaintiffs' claims and causes of action against First Coat are barred, in whole or in part, as any alleged violation of law was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

16. Plaintiff is not entitled to punitive damages as Plaintiff has not obtained leave of court pursuant to Section 768.62, Florida Statutes to seek such damages.

17. Plaintiffs' FDCPA claim is barred because any debt for which collection was attempted is a legitimate debt, due and owing.

18. No Communication: Any FDCPA claim premised upon an alleged communication, including any claim under 15 U.S.C. § 1692e(11), is barred because the conduct of which plaintiffs complain are not communications as defined under the FDCPA, including, specifically, 15 U.S.C. § 1692a(2). To the extent there was any communication by Defendants, any such communication neither violated the FDCPA nor caused plaintiffs any damage.

19. No Third Party Disclosure: Any FDCPA claim premised upon an alleged disclosure to a third party, including any claim under 15 U.S.C. § 1692c(b), is barred because Defendants did not make any disclosure to any third party that violated the FDCPA or which caused Plaintiffs any damage.

20. Defendants Not Debt Collectors: Plaintiffs' FDCPA claim is barred because none of the Defendants is a debt collector as defined by the FDCPA.

21. Statute of Limitations: Any claim under the FDCPA is barred by the applicable statute of limitations, including without limitation 15 U.S.C. § 1692k(d), if premised on any alleged violation that occurred more than 1 year before this action was filed.

22. To the extent any violation of the FCCPA took place, said violation was not intentional and resulted from a *bona fide* error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors, and thus create an exception barring any claim under the FCCPA.

23. Legitimate Debt: The FCCPA claim is barred because any debt for which collection was attempted is a legitimate debt, due and owing.

24. Any claim under the FCCPA is barred by the applicable statute of limitations, including without limitation § 559.77, Florida Statutes, if premised on any alleged violation that occurred more than 2 years before this action was filed.

18
**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 0:21-cv-60456-WPD

Defendant reserves the right to assert such other affirmative defenses available pursuant to Federal Rules of Civil Procedure 8(c) and 12(b) as may be revealed through discovery and disclosure in this matter.

**WHEREFORE**, the Defendant requests all relief to which it is entitled, including but not limited to attorneys' fees and costs on all issues to which it is the prevailing party and any other relief which this Honorable Court deems appropriate and necessary, and demands a trial by jury for all issues so triable.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 5th day of November 2021, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant KAYE BENDER REMBAUM, P.L.*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9234
Facsimile (561) 683-8977
Primary e-mail: barry.postman@csklegal.com
Secondary e-mail: stuart.schneider@csklegal.com

By:   s/ Stuart P. Schneider
     BARRY A. POSTMAN
     Florida Bar No.: 991856
     STUART P. SCHNEIDER
     Florida Bar No.: 109256